**Jean D. SCHOKNECHT,**
**Appellant–Plaintiff,**

v.

**Susan E. HASEMEIER, Appellee–**
**Defendant.**

**No. 49A02–0003–CV–168.**

Court of Appeals of Indiana.

Sept. 20, 2000.

Clifford W. Shepard, Indianapolis, Indiana, Attorney for Appellant.

David M. Seiter, L. Strodtman & Associates, Cumberland, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellant-plaintiff Jean D. Schoknecht (Landlord) appeals the trial court's grant of summary judgment in favor of Susan E. Hasemier (Tenant). Landlord raises three issues on appeal which we consolidate and restate as whether the trial court erred when it concluded that Landlord failed to comply with the notice provisions of IND.CODE § 32–7–5–1 to –19, (the Security Deposits statute).

### FACTS

On August 28, 1995, Landlord entered into a lease agreement with Tenant for residential property (premises) located in Indianapolis. The lease was for a period of one year, and pursuant to its terms Tenant paid Landlord a $750.00 security deposit. After the lease period expired, Tenant continued to lease the premises on a "month-to-month" basis, during which Tenant remained subject to all the terms and conditions of the lease. The lease

contained provisions wherein Tenant agreed to "reimburse Landlord for loss or damage to the demised premises occasioned by her or her guest's negligence or other act" and to be responsible for "attorneys fees, court costs, collections expenses, and all other out-of-pocket expenses that Landlord becomes liable for as a result of any breach of this lease by Tenant." Record at 16.

Tenant subsequently defaulted on the lease by allegedly committing waste and failing to make lease payments when due.[1] On April 10, 1997, Landlord filed a Notice of Claim for damages against Tenant in Wayne small claims court. Thereafter, on April 22, 1997, Landlord obtained a judgment against Tenant, which entitled Landlord to possession of the premises on May 1, 1997. The court then set the matter for hearing on damages.

On June 12, 1997, Tenant formally requested the return of her security deposit by sending written notice to Landlord. In response, Landlord sent a letter to Tenant, dated June 13, 1997, claiming alleged damages in excess of the security deposit. The letter contained an itemized list of damages along with the "[e]stimated cost of Repair." R. at 33. Among these estimated costs were amounts for cleaning supplies and labor; for repairing damage to walls, blinds, screens and base boards; for carpet cleaning and replacement; for home foundation (slab) sealing; for replacing water-damaged shelves; for film, processing and photographs;[2] and for replacement of various trees and shrubs that Tenant allegedly removed from the yard. On November 4, 1997, Landlord dismissed her damages claim against Tenant without prejudice.[3]

On May 8, 1998, Tenant filed suit against Landlord for her security deposit in Wayne small claims court. On August 4, 1998, the day of the small claims trial, Landlord filed an independent claim against Tenant in Marion Superior Court for damages in excess of the security deposit, and asked the court to consolidate the two causes in that court. The Marion Superior Court granted Landlord's request for consolidation and Tenant's claim was transferred from the Wayne small claims court. On November 1, 1999, Tenant moved for summary judgment on the basis that Landlord had failed to comply with the notice requirements of the Security Deposits statute. Specifically, Tenant asserted that the June 13, 1997 letter from Landlord contained damages that Landlord was not legally entitled to deduct from the security deposit. In particular, those damages included expenditures for cleaning the premises; film, processing and photographs; tree and shrub replacement; and repairing damage to carpet, carpet pads and the foundation slab. On February 2, 2000, the trial court granted Tenant's motion for Summary Judgment. Landlord now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

The standard of review of a summary judgment is well settled. This court applies the same standard as the trial court. *USA Life One Ins. Co. v. Nuckolls,* 682 N.E.2d 534, 537 (Ind.1997). We do not weigh the evidence designated by the parties. Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a

1. In addition, Landlord asserted, inter alia, that Tenant harbored animals without prior written consent and permitted unauthorized persons to occupy the premises. R. at 107–08.

2. Apparently Landlord took photographs of the alleged damage in anticipation of litigation and included this cost in her itemized list of damages. Appellant's Reply brief at 7.

3. The record does not reflect Landlord's reasons for dismissing her claim against Tenant.

matter of law. Ind. Trial Rule 56(C); *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind.1996). Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Id.*

We also note that in accordance with *Rueth v. Quinn*, 659 N.E.2d 684 (Ind.Ct. App.1996), *trans. denied*, this court has determined that a landlord will be found to have failed to comply with the notice requirement of the Security Deposits statute where 1) that landlord erroneously calculates the tenant's damages, 2) the tenant resorts to legal action to collect all or part of his deposit, and 3) the tenant was entitled to a return of all or part of the tenant's deposit. *Id.* at 689.

## II. Landlord's Claim

Landlord contends that Tenant failed to establish two of the three necessary elements set out in *Rueth*, and, therefore, Tenant is not entitled to summary judgment. Specifically, Landlord argues that she did not erroneously calculate Tenant's damages and that Tenant is not entitled to a return of any portion of her security deposit.

Tenant asserts that Landlord's calculation of damages is erroneous because the June 13, 1997 letter contains items that Landlord is not legally entitled to deduct from the security deposit and because Landlord failed to substantiate the estimated costs of repair. In response to Tenant's assertions, Landlord argues that the letter contains a good faith estimate of all the damages allegedly due under the lease, including those covered by the security deposit, and that her failure to list these damages separately does not constitute non-compliance with the Security Deposits statute. Landlord also asserts that she complied with the statute by submitting an estimated cost of damages and that the statute does not require her to substantiate her itemized list of damages.

To resolve this issue we first note the relevant provisions of the Security Deposits statute. Section 14 of the statute contains strict notice requirements which provide, in relevant part:

> In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy an itemized list of damages claimed for which the security deposit may be used as provided in section 13 [4] of this chapter, including the estimated cost for each damaged item and the amounts and lease on which the landlord intends to assess the tenant.

I.C. § 32–7–5–14.

If the landlord complies with the notice of damages requirement, he or she is entitled to retain the tenant's security deposit and apply it towards "the amount of damages that the landlord has or will reasonably suffer by reason of the tenant's non-compliance with the law or rental agreement." I.C. § 32–7–5–12(a)(2). However, where the landlord fails to comply with the statutory notice requirement this "constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit." I.C. § 32–7–5–15; *Pinnacle Props. v. Saulka*, 693 N.E.2d 101, 103–04 (Ind.Ct.App.1998), *trans. denied.*

---

**4.** Section 13 provides that:

A security deposit may be used only for the following purposes:

(1) To reimburse the landlord for actual damages to the rental unit or other ancillary facility that are not the result of ordinary wear and tear expected in the normal course of habitation of a dwelling.

(2) To pay the landlord for all rent in arrearage in under the rental agreement, and rent due for premature termination of the rental agreement by the tenant.

(3) To pay for the last payment period of a residential rental agreement where there is a written agreement between the landlord and the tenant that stipulates the security deposit will serve as the last payment of rent due.

(4) To reimburse the landlord for utility or sewer charges paid by the landlord that:
   (A) are the obligation of the tenant under the rental agreement; and
   (B) are unpaid by the tenant.

■ We further note that "the Security Deposit statute applies only to security deposits" and that the statute "clearly and unambiguously preserves the right of the landlord ... to recover other damages to which [he or she] is entitled." I.C. § 32–7–5–12(c)[5]; *Miller v. Geels,* 643 N.E.2d 922, 927 (Ind.Ct.App.1994). Accordingly, a landlord may pursue claims for other damages in addition to those that may be deductible from the security deposit, including damages that the landlord is entitled to under the terms of the lease agreement. *See Duchon v. Ross,* 599 N.E.2d 621, 625 (Ind.Ct.App.1992).

■ Here, although Landlord's itemized list of damages includes a claim for certain items that may not be deducted in accordance with the Security Deposits statute, we note that the specific terms of the lease agreement provide that Tenant will reimburse Landlord for loss or damage caused by Tenant or Tenant's guests and for "all other out-of-pocket expenses that Landlord became liable for as a result of any breach of [the] lease by Tenant." R. at 16. Such language is broad in scope and could reasonably be construed to incorporate the particular cleaning, photographic, repair and replacement costs that Tenant asserts are beyond the purview of the Security Deposits statute. Thus, notwithstanding Tenant's assertion that these expenditures may not be deducted from the security deposit, Landlord may nevertheless be entitled to seek reimbursement under the terms of the lease agreement. *See Duchon,* 599 N.E.2d at 625. Moreover, while the Security Deposits statute requires Landlord to itemize the damages for which the security deposit may be used, it does not prohibit her from also itemizing other damages claimed under the lease. *See* I.C. § 32–7–5–14. Thus, we cannot say

that Landlord erroneously calculated Tenant's damages when she included all the damages allegedly due under the lease in her letter to Tenant and did not list these damages separately from those that may be deducted from the security deposit.

■ Further, contrary to Tenant's assertion that Landlord's calculation of damages is erroneous because Landlord failed to substantiate the damages listed in the June 13, 1997 letter, Landlord was not required to substantiate the alleged damages in order to comply with the notice provisions of the statute. Rather, the statute only requires Landlord to provide Tenant with "an itemized list of damages ... including the estimated cost for each damaged item." I.C. § 32–7–5–14. Landlord's itemized list of damages contained in the letter to Tenant contains the itemized costs of repairing the damaged items, and, thus, Landlord complied with the statutory requirement.

As Tenant has not proven the first necessary prong of the *Rueth* test, Landlord's failure to comply with the notice requirement of the Security Deposits statute has not been established as a matter of law.[6] Thus, the trial court erred in granting Tenant's motion for summary judgment. We therefore reverse and remand this cause to the trial court to determine the amount of damages Landlord is entitled to, if any, and whether Tenant is entitled to reimbursement of any portion of her security deposit.

Reversed and remanded.

SHARPNACK, C.J., and VAIDIK, J., concur.

---

**5.** I.C. 32–7–5–12(c) provides:

This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.

**6.** Because Tenant has failed to establish the first necessary prong of the *Rueth* test, we are not required to reach Landlord's claim that

Tenant also failed to establish the third prong of the test. Similarly, our finding that Landlord did not fail to comply with the notice requirement as a matter of law is dispositive of the issue of whether Tenant was entitled to attorneys fees under I.C. § 32–7–5–16.