**Sheryl L. THAYER, Appellant Plaintiff,**

v.

**JAMES WHITCOMB RILEY FESTI-VAL ASSOCIATION INC. and City Of Greenfield, Indiana, Appellees–Defendants.**

No. 30A05–0306–CV–294.

Court of Appeals of Indiana.

Nov. 25, 2003.

Robert W. Johnson, Tabor Law Firm, Indianapolis, IN, Attorney For Appellant.

W. Brent Threlkeld, Candace S. Brugger, Threlkeld Reynolds, LLP, Indianapolis, IN, Attorneys For Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Sheryl L. Thayer (Thayer), appeals the trial court's grant of summary judgment in favor of Appellee–Defendant, James Whitcomb Riley Festival Association (Riley Festival) with regard to Thayer's negligence complaint against the Riley Festival.

We affirm.

### ISSUE

Thayer raises one issue on appeal, which we restate as follows: whether the trial court erred in granting summary judgment in favor of the Riley Festival based on its finding that the Riley Festival did not owe Thayer a duty of care.

---

1. The City is not a party to this appeal.

---

### FACTS AND PROCEDURAL HISTORY

Each year, the City of Greenfield allows the Riley Festival to use certain streets, sidewalks, and public buildings in the downtown area to conduct its festival activities. The Riley Festival leases booth space to craft vendors on East Main Street, West Main Street, North State Street and South State Street, all of which are public, city streets. On October 7, 2000, Thayer and a friend operated a crafts booth on West Main Street. That day, at approximately 3:15 in the afternoon, Thayer walked towards the Memorial Building, where she intended to use the public restroom. However, before she reached the Memorial Building, Thayer tripped over part of the sidewalk and fell. As a result of her fall, Thayer suffered some severe injuries, including a fracture dislocation of the right elbow and a commuted right radial head fracture. Thayer underwent multiple surgeries.

On January 16, 2002, Thayer filed her Complaint for Damages (Complaint) against the Riley Festival and the City of Greenfield (the City).[1] In her Complaint, Thayer alleges negligence on the part of the Riley Festival and the City for their failure to inspect the sidewalk for defective and dangerous conditions, and for their failure to maintain the sidewalk in a safe condition.

On January 22, 2003, Riley Festival filed its Motion for Summary Judgment and supporting documentation. On May 5, 2003, Thayer filed her Brief in Opposition to Riley Festival's Motion for Summary Judgment. On May 12, 2003, Riley Festival filed a response to Thayer's opposition to its Motion for Summary Judgment. On May 19, 2003, the trial court issued its findings and order granting summary judgment in favor of the Riley Festival.

The trial court's order states, in relevant part, as follows:

3. The granting of summary judgment in a negligent action is not normally considered appropriate.

4. This cause is based in negligence which requires [Thayer] to show Riley Festival;

    A. Owed [Thayer] a duty,

    B. That Riley Festival breached its duty, and

    C. That the breach was [a proximate] cause of [Thayer's] injury.

5. The specific issue before the [c]ourt in this motion is whether or not Riley Festival owed a duty to [Thayer], an issue of law for determination by the [c]ourt.

6. The parties agree and the [c]ourt finds that there is no genuine issue as to any material fact. [Thayer] was a business invitee of Riley Festival on October 7, 2000. That the [Riley Festival] is a five (5) day event which has occurred over many years. [Thayer] was moving from her rented booth space to the Memorial Building where public restrooms were being maintained. In front of the Memorial Building, [Thayer] fell on a piece of raised concrete in the sidewalk resulting in injuries to [Thayer].

7. Riley Festival rented booth space on the streets of Greenfield to various people including [Thayer].

8. Riley Festival obtained permission or agreement with [the City] to use the streets of Greenfield for the purpose of their festival as they had many times in the past. This permission or agreement was not reduced to writing and may or may not constitute a valid contract.

9. In the agreement or permission by [the City], there is no specific or implied requirement [that] Riley Festival maintain streets or sidewalks.

10. The streets of Greenfield are closed off by [the City] Street Department for the purpose of the festival.

11. The sidewalks within the downtown area are not closed off and are open to the public. They are not roped off nor are there turnstiles for pedestrians.

12. [Thayer] nor [Riley Festival] shows the [c]ourt any evidence that the Riley Festival added to, altered or subtracted from the sidewalks in the area of the festival.

13. The Memorial Building was open for use by Riley Festival goers and the public for the public restrooms. The Memorial Building was also used for displays of various items as part of the festival.

14. [Indiana Code § 8–23–6–3(d) ] requires [the City] to maintain the sidewalks.

15. [The City] not only retained ownership of the sidewalks, they also retained control.

16. Riley Festival did not have the power or authority to repair or even mark sidewalks in as much as the sidewalks were not restricted from the public nor rented to festival participants.

17. There was specific evidence that the sidewalks were in fact open to the general public and were not restricted.

18. Riley Festival was not a possessor or in control of the sidewalks in question.

19. Riley Festival occupied and used the streets which had been cordoned off for their use.

20. Riley Festival [was] not the owner occupier of the sidewalks in question. Riley Festival, as the general public, had access to and the use of the public sidewalks.

21. Riley Festival was a licensee of the general festival area granted by [the

·City], and Thayer was a licensee from the festival.

22. Licensees are those who enter property for their own convenience, curiosity or entertainment and take the premises as they find it.

23. Riley Festival owed no duty to Thayer beyond that owed to a licensee while on the street, and no duty while on the sidewalk.

24. There is no genuine issue as to any material fact and [Riley Festival] is entitled to summary judgment as a matter of law.

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of [Riley Festival] and against [Thayer] and a final judgment is entered pursuant to Indiana Rule of Procedure.[2]

(Appellant's App. pp. 6–10).

Thayer now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

In reviewing the propriety of a trial court's ruling of summary judgment, we apply the same standard as the trial court. *Schoknecht v. Hasemeier*, 735 N.E.2d 299, 301 (Ind.Ct.App.2000). We do not reweigh the evidence designated by the parties. *Id.* Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if the pleadings and evidence show: 1) the absence of a genuine issue of material fact, and 2) the moving party is entitled to judgment as a matter of law. *Id.* at 301–02. A trial court's grant of summary judgment is "clothed with a presumption of validity." *Id.*

A defendant in a negligence action may obtain summary judgment by demonstrating that the undisputed material facts negate at least one element of the plaintiff's claim. *Kahrs v. Conley*, 729 N.E.2d 191, 194 (Ind.Ct.App.2000) *trans. denied.* Here, the trial court entered specific findings of fact and conclusions of law sua sponte. *Estate of Taylor ex rel. Taylor v. Muncie Medical Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct.App.2000), *trans. denied.* Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate our review. *Id.*

Thayer's action sounds in negligence. To recover on a theory of negligence, Thayer must establish: 1) a duty on the part of the Riley Festival to conform its conduct to a standard of care arising from its relationship with Thayer, 2) a breach of the duty owed by the Riley Festival to Thayer, and 3) an injury to Thayer proximately caused by the Riley Festival's breach of duty. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991), *reh'g denied.*

Usually, in determining whether the Riley Festival owed a duty to Thayer, the following three factors would be considered: 1) the relationship between the parties, 2) the reasonable foreseeability of harm to the person injured, and 3) public policy concerns. *Webb*, 575 N.E.2d at 995. Accordingly, Thayer asserts that the trial court erred in granting summary judgment in the Riley Festival's favor. Specifically, she asserts that the Riley Festival owed her a duty of reasonable care, because: 1) she was an invitee of the festival, 2) at the time of her injury, the Riley

---

2. The summary judgment was entered as a final judgment to less than all the claims, issues or parties pursuant to Ind. Trial Rules 54(B) and 54(C).

Festival exercised possession and control of the property in question, and 3) the Riley Festival knew or should have known that the sidewalk was hazardous.

However, in the instant case, the parties do not dispute the relationship between the Riley Festival and Thayer,[3] rather the dispute centers on whether the Riley Festival possessed and controlled the sidewalk outside the Memorial Building at the time of Thayer's injury. As stated in *Crist v. K–Mart Corp.*, 653 N.E.2d 140 (Ind.Ct. App.1995) *reh'g denied,* the issue of control is important in this context for the following reasons:

> In premises liability cases, we must determine who controlled the property upon which the injury occurred, because "the thread through the law imposing liability upon occupancy of premises is control." *Great Atlantic & Pacific Tea Co. v. Wilson,* 408 N.E.2d 144, 150 (Ind. Ct.App.1980). The [reason] the law imposes liability on the person who controls the property is self-evident: only the party who controls the land can remedy the hazardous conditions which exist upon it and only the party who controls the land has the right to prevent others from coming onto it. Thus, the party in control of the land has the exclusive ability to prevent injury from occurring.

*Crist,* 653 N.E.2d at 145 (quoting *City of Bloomington v. Kuruzovich,* 517 N.E.2d 408, 411 (Ind.Ct.App.1987), *trans. denied*). In other words, if the Riley Festival had control over the sidewalk where Thayer was injured at the time of her injury, then it owed a duty to her as an invitee to exercise reasonable care for her protection while she was on the premises. However, if the Riley Festival did not control the sidewalk where Thayer was injured at the

time of her injury, then it owed Thayer no duty. *See Crist,* 653 N.E.2d at 145.

In determining whether an entity is a possessor of land in the premises liability context, our supreme court has adopted the following definition:

> A possessor of land is[:]
>
> > (a) a person who is in occupation of the land with intent to control it[,] or
> >
> > (b) a person who has been in occupation of [the] land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
> >
> > (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Crist,* 653 N.E.2d at 145 (quoting Restatement (Second) of Torts § 328E (1965)).

In the instant case, the trial court made the following findings and conclusions regarding the issue of control:

> 9. In the agreement or permission by [the City], there is no specific or implied requirement [that] Riley Festival maintain streets or sidewalks.
>
> 10. The streets of Greenfield are closed off by [the City] Street Department for the purpose of the festival.
>
> 11. The sidewalks within the downtown area are not closed off and are open to the public. They are not roped off nor are there turnstiles for pedestrians.
>
> 12. [Thayer] nor [Riley Festival] shows the [c]ourt any evidence that the Riley Festival added to, altered or subtracted from the sidewalks in the area of the festival.
>
> 13. The Memorial Building was open for use by Riley Festival goers and the public for the public restrooms. The Memorial Building was also used for

---

**3.** Even though the trial court, in paragraph 6 of its findings, noted that the parties agreed

Thayer was a business invitee, in paragraph 21, it concluded that she was a licensee.

displays of various items as part of the festival.

14. [Indiana Code § 8–23–6–3(d)] requires City to maintain the sidewalks.

15. [The City] not only retained ownership of the sidewalks, they also retained control.

16. Riley Festival did not have the power or authority to repair or even mark sidewalks in as much as the sidewalks were not restricted from the public nor rented to festival participants.

17. There was specific evidence that the sidewalks were in fact open to the general public and were not restricted.

18. Riley Festival was not a possessor or in control of the sidewalks in question.

19. Riley Festival occupied and used the streets which had been cordoned off for their use.

20. Riley Festival [was] not the owner occupier of the sidewalks in question. Riley Festival, as the general public, had access to and the use of the public sidewalks.

(Appellant's App. pp. 8–9). We find that the evidence presented to the trial court supports the trial court's findings that the Riley Festival did not control the sidewalk where Thayer was injured.

First, and most importantly, I.C. § 8–23–6–3(d) requires that the City "shall maintain the sidewalks, grass plats, and the connecting drainage facilities." The statute contains no language to suggest that the City's responsibility to maintain its sidewalks may be delegated to a private entity. Moreover, there was no contract between the Riley Festival and the City transferring the statutory mandate to maintain the city sidewalks from the City to the Riley Festival.

Further, in its answer to Thayer's interrogatories, the City answered that it owned "the property on which the Accident Site was located on October 7, 2000." (Appellant's App. pp. 139–40). The City responded to other relevant interrogatories as follows:

*INTERROGATORY NO. 7:* Identify the relationships which existed between each of the defendants and the Accident Site on October 7, 2000.

*ANSWER:* The sidewalk was on public right of way. Riley Festival was entitled to use the sidewalk[ ] the same as anyone else, including the Plaintiff.

*INTERROGATORY NO. 8:* Identify the entity which was responsible for the repair and maintenance of the Accident Site on October 7, 2000, and state the date upon which that entity first assumed such responsibilities.

*ANSWER:* [The City], since 1800's.

. . . .

*INTERROGATORY NO. 10:* Did [Riley Festival] have any responsibility for the maintenance, repair and/or property management of the Accident Site at any time? [ ]

*ANSWER:* No.

*INTERROGATORY NO. 11:* Did [the City] have any responsibility for the maintenance, repair and/or property management of the Accident Site at any time? [ ]

*ANSWER:* If the sidewalk is in a public right of way, the City will maintain and repair reported defects. It is unknown if the "Accident Site" occurred on the public right of way. The City was not on notice of any alleged defect.

(Appellant's App. pp. 140–41).

Other evidence before the trial court showing the Riley Festival's lack of control over the sidewalk included a transcript of the deposition of Gregory Carwein (Carwein), who was president of the Riley Fes-

tival at the time of Thayer's accident. During the deposition, Carwein was shown photographs of the sidewalk in front of the Memorial Building. The photos depicted the area of the sidewalk where Thayer tripped set off in red paint with the words "WATCH STEP" also painted in large, red letters. Carwein was asked:

Q. Okay. Do you have knowledge of the circumstances that led to the spray paint being put on the sidewalk there?

A. Yes.

Q. Okay. Can you tell me what your knowledge is, please?

A. To the best of—what I have been told, a person fell there. The Parks Department, which is located in the Memorial Building—the director saw this person fall and informed somebody from the City to come over there and mark the sidewalk.

Q. Okay. Was any representative or volunteer of the [Riley Festival] a participant in this spray paint being put on the sidewalk in 2001?

A. No.

(Appellant's App. p. 108).

Further, although the streets had been blocked off to vehicular traffic for the duration of the festival, the sidewalks were never cordoned off in any way. However, because there was no admission fee to attend the festival, the general public was free to walk through the area on the public sidewalks.

We find that the evidence set forth above, when considered together, fully supports the trial court's finding that the Riley Festival did not have control over the sidewalk where Thayer was injured on October 7, 2000. Consequently, the Riley Festival successfully negated an element of Thayer's claim, specifically, that, at the time of her injury, the Riley Festival exercised possession and control of the proper-

ty in question. *See Kahrs,* 729 N.E.2d at 194. As a result, we find that the trial court's grant of summary judgment in favor of the Riley Festival and against Thayer was appropriate.

## CONCLUSION

Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of the Riley Festival and against Thayer.

Affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

It appears clear from Thayer's operation of a craft booth at the Festival that the relationship between Thayer and the Festival was one to the mutual benefit of both parties. Accordingly, Thayer was an invitee upon the premises. *St. Mary's Medical Center v. Loomis,* 783 N.E.2d 274 (Ind. Ct.App.2002).

With reference to whether a duty exists flowing from the person in control of the premises to an invitee, there is always a duty of reasonable care. It is therefore inappropriate to say that no duty was owed under the circumstances in the case before us. *See Zawacki v. U.S. X.,* 750 N.E.2d 410 (Ind.Ct.App.2001), *trans. denied.* The duty never changes although the conduct required of a defendant to measure up to the standard of reasonable care depends upon the particular circumstances. *Ousley v. Board of Commissioners of Fulton County,* 734 N.E.2d 290 (Ind. Ct.App.2000), *trans. denied.*

The majority opinion places a degree of significance upon the fact that the trial court found no duty or authority on the part of the Festival "to maintain" or to "repair or mark" the streets or sidewalks

and upon the finding that Festival did not add to, alter, or subtract from the sidewalks. Although a duty or authority to "maintain" sidewalks would be indicative of possession and control, the absence of such authority to maintain does not necessarily negate that an entity may, at least temporarily, be in possession and control of the sidewalk.

Nevertheless, I agree that under the designated evidence the trial court was justified in concluding that the Festival did not, under these circumstances, possess and control the sidewalk.

For this reason I concur in the affirmance of the summary judgment in favor of the Festival.