Franklin E. PATTERSON,
Appellant–Defendant,

v.

Daniel W. DYKES, Appellee–Plaintiff.

No. 48A05–0306–CV–267.

Court of Appeals of Indiana.

March 12, 2004.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellant.

James W. Wilson, Bingham, Farrer and Wilson, P.C., Elwood, IN, Attorney for Appellee.

John W. Longnaker III, Anderson, IN, Attorney for Amicus Curiae.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Franklin Patterson (Patterson), appeals the trial court's

grant of summary judgment in favor of Appellee–Plaintiff, Daniel Dykes (Dykes).[1]

We affirm.

### ISSUE

Patterson raises one issue on appeal, which we restate as follows: whether the trial court erred in granting summary judgment in favor of Dykes and against Patterson.

Based on our determination of the issue raised by Patterson, we must also determine whether the trial court erred in ordering the incumbent councilman, Dykes, to hold over until the next general election of the council seat for Madison County Council, District 2.

### FACTS AND PROCEDURAL HISTORY

Dykes and Patterson ran as candidates against one another in the general election of 2002 for a seat on the Madison County Council for District 2. Dykes, as the incumbent councilman, sought re-election as the Republican Party candidate. Patterson opposed Dykes as the Democratic Party candidate. Upon declaring their candidacy for office, each candidate was required to file a Declaration of Candidacy for Primary Nomination in which each certified that he met the specific requirements for the office of Madison County councilman. The declaration form includes the statement, "I am not ineligible to be a candidate due to a criminal conviction that would prohibit me from serving in this office." (Appellant's App. p. 28). At the November 5, 2002 general election, Patterson received the majority of votes—5047 votes to 4598 votes for Dykes. Patterson was to begin his term as councilman on January 1, 2003.

However, on December 12, 2002, Dykes filed his Complaint for Declaratory Judgment and Request for Permanent Injunction (Complaint) in the Madison County Court. In his Complaint, Dykes alleged that Patterson was ineligible to hold office because he had a prior felony conviction.[2] Dykes further requested the trial court to declare that, as the incumbent councilman for Madison County Council, District 2, Dykes should continue to serve until a successor is both elected and qualified, and that the Madison County Democratic Party be permanently enjoined from attempting to fill the Council seat because, as long as he is serving, no vacancy exists.

Thereafter, on December 20, 2002, Patterson filed his Petition for Clemency with the Indiana Parole Board, seeking a Pardon from Governor Frank O'Bannon. On December 27, 2002, subsequent to a joint attorneys' conference a few days before, the trial court ordered Dykes, as the incumbent of Madison County Council, District 2, to hold over in his council seat "without prejudice to the rights of any and all parties in interest." (Appellant's App. p. 15).

On February 4, 2003, Dykes filed his Motion for Summary Judgment and supporting documents. On March 5, 2003, Patterson filed his response in opposition to Dykes' Motion for Summary Judgment. On March 17, 2003, the trial court conducted a hearing on the motion and issued its Findings of Fact, Conclusions of Law, and Order on April 9, 2003, in which the trial court concluded as follows:

1. That there are no material factual issues and that there is no reason why

---

1. On February 10, 2004, we held oral argument in this matter at Wabash College in Crawfordsville, Indiana. We would like to thank the parties for their presentations.

2. Patterson's 1974 felony conviction for theft is not in dispute.

Summary Judgment should not be entered at this time.

2. That pursuant to Article 15, Section 3 of the Indiana Constitution, the last duly elected official, [Dykes], is to hold over until a successor is duly elected and qualified.

3. That the term of [Dykes] initially began on January 1, 1999.

4. That pursuant to [I.C. § 3–8–1–5(b)] on November 5, 2002, [Patterson] was not eligible to be a candidate or to hold office in the State of Indiana.

5. That pursuant to [I.C. § 3–10–12–13(sic) and I.C. § 36–2–3–3], a County Councilman shall be elected at a general election and every four (4) years thereafter.

6. That the term of a "hold over" incumbent is four (4) additional years and until the next general election for said office.

7. That pursuant to [I.C. § 3–12–8–17] there is no statutory authority for the [c]ourt to order a special election in the present situation.

8. That a future possible pardon of Patterson will not make him eligible to hold office retroactively to January 1, 2003.

(Appellant's App. p. 60).

Patterson now appeals the trial court's grant of summary judgment in Dykes' favor. On August 14, 2003, subsequent to Patterson's Notice of Appeal, Governor Frank O'Bannon granted Patterson's Petition for Clemency. Additional facts will be supplied as necessary.

**3.** The Madison County Republic Party (MCRP) filed an amicus curiae brief in this case. The interests of the MCRP are aligned substantively with those of Dykes'. It argues

## DISCUSSION AND DECISION

### I.  Standard of Review

In reviewing the propriety of a trial court's ruling of summary judgment, we apply the same standard as the trial court. *Schoknecht v. Hasemeier,* 735 N.E.2d 299, 301 (Ind.Ct.App.2000). We do not reweigh the evidence designated by the parties. *Id.* Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if the pleadings and evidence show: 1) the absence of a genuine issue of material fact, and 2) the moving party is entitled to judgment as a matter of law. *Id.* at 301–02. A trial court's grant of summary judgment is "clothed with a presumption of validity." *Id.*

### II.  Effect of Pardon

#### A.  Pending Petition for Clemency

Patterson argues that the trial court erred in granting summary judgment in favor of Dykes. Specifically, Patterson contends that the trial court erred in concluding that his Petition for Clemency, pending at the time of the trial court's order, "would have no effect on the final determination as to who would be seated as the Madison County District 2 councilman." (Appellant's Br. p. 8).

On the other hand, Dykes contends that the trial court's grant of summary judgment in his favor should be affirmed. In particular, Dykes argues that the fact Patterson had a Petition for Clemency pending at the time the trial court granted Dykes' Motion for Summary Judgment did not present a genuine issue of material fact. We agree with Dykes.[3]

that the trial court's ruling should be upheld, particularly in the interest of resolving future elections involving disqualified candidates.

At the outset, we note that we have not previously had the opportunity to consider the effect of a Pardon on the eligibility of a candidate for public office, when the Pardon is granted subsequent to the election. The instant appeal is taken from the trial court's entry of summary judgment in favor of Dykes on April 9, 2003. At the time of the trial court's order, Patterson had a Petition for Clemency pending, as it was not granted until August of 2003. Consequently, the issue before us is whether the pendency of Patterson's Petition for Clemency raised a genuine issue of material fact that makes the trial court's grant of summary judgment inappropriate.

As Patterson correctly sets forth in his Appellant's Brief, "this court is not permitted to search the record for, or make a decision based upon, materials that were not specifically designated to the trial court." *McClain v. Chem–Lube Corp.*, 759 N.E.2d 1096, 1101 (Ind.Ct.App.2001); (Appellant's Br. p. 7). In the same vein, the resolution of his Petition for Clemency was not before the trial court at the time of summary judgment. Instead, as Dykes argues, the possible effect of a Pardon on the case, *if granted*, does not amount to a genuine issue of material fact, because it is not a fact; rather, it is speculation. *See Briggs v. Finley*, 631 N.E.2d 959, 964 (Ind. Ct.App.1994) (Free-flowing speculation cannot be construed as a fact which sheds doubt on the validity of other facts; opinions expressing a mere possibility with regard to a hypothetical situation are insufficient to establish a genuine issue of material fact). As a result, we limit our review to materials actually designated to the trial court at the time it considered Dykes' Motion for Summary Judgment.

Relevant portions of Indiana Code section 3–8–1–5(b) provide: "[a] person is disqualified from holding or being a candidate for an elected office if the person has been convicted of a felony." The record shows that, in 1974, Patterson was convicted of theft, a Class D felony. Thus, pursuant to I.C. § 3–8–1–5(b), he was disqualified from being a candidate for the Madison County Council seat. Nevertheless, Patterson ran for the office and won by a majority of votes. However, as a convicted felon, he is disqualified from holding the office. Under this review, we must affirm the trial court's grant of summary judgment in favor of Dykes, as Patterson raised no genuine issue of material fact to prevent the trial court's grant of summary judgment as a matter of law. *See Schoknecht,* 735 N.E.2d at 301.

### B. Subsequent Grant of Pardon

Nonetheless, Patterson argues that the Pardon he received from the late Governor Frank O'Bannon on August 14, 2003, retroactively removes his felony conviction, thereby restoring his eligibility and victory as a candidate for the Madison County Council seat for District 2. In support of his contention, Patterson relies on *Kelley v. State*, 204 Ind. 612, 185 N.E. 453 (Ind. 1933), which adopted the rule set forth by the U.S. Supreme Court in *Ex Parte Garland*, 4 Wall. 333, 71 U.S. 333, 380–81, 18 L.Ed. 366 (1866), as follows:

A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction, from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new

man, and gives him a new credit and capacity.

*Kelley,* 185 N.E. at 458. However, we find Patterson's argument misplaced.

Here, we must focus on the fact that, at the time Patterson was a candidate for office and at the time he was elected to that office, he was ineligible, pursuant to I.C. § 3–8–1–5(b), both to be a candidate and to hold the office to which he was elected, due to his felony conviction. On August 14, 2003, the late Governor O'Bannon granted Patterson's Petition for Clemency, thereby obliterating his 1974 felony conviction. Clearly, the effect of a Pardon is retroactive; thus, from August 14, 2003, forward, Patterson is eligible to run for an elected office, because he no longer has a felony conviction in his criminal history. However, because Patterson was a convicted felon *at the time* of his candidacy and election to the Madison County District 2 Council seat, we affirm the trial court's conclusions that: (1) pursuant to I.C. § 3–8–1–5(b), on November 5, 2002, Patterson was not eligible to be a candidate or to hold office in the State of Indiana; and (2) the grant of a Pardon subsequent to the trial court's order would not make Patterson eligible to hold office retroactively to January 1, 2003. (Appellant's App. p. 60).

Furthermore, as part of our consideration, we note that allowing a Pardon obtained after an election to qualify an officeholder-elect retroactively would, for all intents and purposes, be a judicial sanction for otherwise ineligible persons to sidestep our state's statutory requirements for political candidacy. We hold that such an action would be a manifest violation of public policy. The idea that individuals contravene public policy when they violate the law is basic to our social and political order. *McClanahan v. Remington Freight Lines, Inc.,* 517 N.E.2d 390, 393 (Ind.1988). In such instances, the penal

code serves as a statement of public policy; thus, when the law is violated, so is the public policy. *Id.*

Accordingly, in light of our consideration, we find that the trial court properly granted summary judgment in favor of Dykes and against Patterson with regard to the effect of a Pardon on Patterson's eligibility to serve as councilman for Madison County Counsel, District 2, pursuant to the November 5, 2002, election.

## II. Holdover Incumbent

Our determination above requires us to determine further whether the trial court erred in ordering the incumbent Dykes to hold over until the next general election of the council seat for Madison County Council, District 2. Dykes agrees with the trial court that he is the proper party to hold over in the Madison County Council seat, District 2, pursuant to Article 15, Section 3 of the Indiana Constitution, which provides as follows:

> Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean, that such officer shall hold his office for such term, and until his successor shall have been elected and qualified.

The term referred to in this constitutional provision is known as the "contingent and defeasible term," which exists solely to avoid a vacancy in a public office. *Swank v. Tyndall,* 226 Ind. 204, 211–12, 78 N.E.2d 535, 538 (Ind.1948). Our supreme court explained this provision as follows:

> When the elective term ends and no qualified person has been elected and qualified to take over the duties of the office, the person holding the office at the end of the elective term has a right and duty, commanded by Art. 15, § 3, [ ]

to hold the office and discharge its duties "until his successor shall have been elected and qualified." This service is not a part of his elective term, but is a constitutional term granted to avoid a vacancy—and to assure an ever-continuing government in any and every emergency.

*Id.* 226 Ind. at 212, 78 N.E.2d at 538.

In the instant case, Patterson and Dykes were the only candidates for the District 2 council seat during the November 5, 2002, general election in which Patterson received the majority of votes. Upon determining that Patterson was disqualified from holding the office to which he was elected, the trial court ordered Dykes, as the incumbent councilman, to hold over in his office an additional four years until the next general election for that office, pursuant to Article 15, section 3 of the Indiana constitution and I.C. § 3–10–2–13.[4] We find no error in the trial court's conclusion of law ordering Dykes to hold over in the Madison County Council, District 2 council seat until the next general election for that office.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of Dykes and against Patterson. Further, the trial court did not err in ordering Dykes to hold over as Madison County councilman for District 2 until the next general election for that office.

Affirmed.

KIRSCH, C.J., and ROBB, J., concur.

---

4. We note that the trial court erroneously cited to a nonexistent statute I.C. § 3–10–12–13 as the statute designating the term of a county council member as four years; the statute is actually I.C. § 3–10–2–13.