**Merrianne M. TEMPLETON, Appellant–Plaintiff,**

v.

**CITY OF HAMMOND, Indiana; City of Hammond Street Department; City of Hammond Sanitary District; City of Hammond, Indiana Engineering Department; City of Hammond, Indiana Public Works Department, Appellees–Defendants.**

No. 45A04–9608–CV–349.

Court of Appeals of Indiana.

May 29, 1997.

within this provision.

Delmar P. Kuchaes, Whalley and Kuchaes, Merrillville, for Appellant–Plaintiff.

George E. Bloom, Hammond, for Appellees–Defendants.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff-Appellant Merrianne Templeton (Templeton) appeals from the trial court's grant of summary judgment in favor of Defendants–Appellees City of Hammond, Indiana; City of Hammond Street Department; City of Hammond Sanitary District; City of Hammond, Indiana Engineering Department; and City of Hammond, Indiana Public Works Department (hereinafter collectively as the "City of Hammond" or "the City").

We affirm in part, reverse in part, and remand for trial.

### ISSUES

Templeton raises several issues, which we consolidate and restate as follows:

1. Whether the trial court erred when it determined as a matter of law that the undisputed evidence established that the City of Hammond did not have constructive notice of the alleged crosswalk defect.

2. Whether the trial court erred when it determined that Templeton was contributorily negligent as a matter of law.

### FACTS AND PROCEDURAL HISTORY

The incident which gave rise to this suit occurred on November 18, 1992, when Templeton tripped and fell on a public crosswalk in Hammond, Indiana. The undisputed facts are as follows. As she had done many times in the past, Templeton got off of the public bus and crossed the intersection of Sibley Street and Morton Court to go to the Walgreen's Drug Store. Sibley Street runs one way east, and Morton Court runs north-south. In about the middle of the crosswalk, Templeton tripped and fell forward.

Templeton filed her complaint against the City of Hammond alleging that her fall was caused by a defective condition of the street. Specifically, she alleged that the City of Hammond was negligent in failing to inspect, maintain and repair the crosswalk and for its failure to warn against the hazard. The City of Hammond filed its answer wherein it denied all material allegations and raised the affirmative defenses of contributory negligence and incurred risk. The City then moved for summary judgment arguing that it had no knowledge of a dangerous defective condition and therefore no duty to repair the alleged defective condition, and that Templeton was contributorily negligent.[1]

A hearing was held on May 1, 1996, wherein the trial court heard argument by the parties. At the beginning of the hearing, Templeton conceded that the City of Hammond Sanitary District was entitled to summary judgment as that agency had no role with regard to street maintenance. Following a brief hearing, the trial court also granted summary judgment in favor of the City of Hammond as follows:

> (2) That the Plaintiff, having traveled the path where she ultimately fell many times both before and after her fall without incident, this Court must conclude that on the day she fell she was not exercising due care for her own safety and is guilty of contributory negligence as a matter of law. (3) That the affidavit submitted by Defendants, which affidavit is unopposed by Plaintiff, establishes that these Defendants had no prior actual or constructive knowledge that a hazardous defect existed in the street at the place where Plaintiff tripped and fell and cannot be held liable even assuming a hazardous condition existed. (4) That no questions of material fact exist, and these Defendants are entitled to Summary Judgment as a matter of law.

(R. 225). Templeton appeals.

### DISCUSSION AND DECISION
#### Standard of Review

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing a motion for summary judgment, we apply the same standard as the trial court. *Gilliam v. Contractors United, Inc.*, 648 N.E.2d 1236, 1238 (Ind.Ct. App.1995), *trans. denied.* All facts and inferences must be liberally construed in the light most favorable to the non-moving party. *Haas Carriage, Inc. v. Berna*, 651 N.E.2d 284, 287 (Ind.Ct.App.1995).

When reviewing summary judgment rulings, we may consider only those portions of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters designated to the trial court by the moving party for purposes of the motion for summary judgment. T.R. 56(C), (H); *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). The party moving for summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Hermann v. Yater*, 631 N.E.2d 511, 513 (Ind.Ct.App.1994), *reh'g denied.* Once the movant satisfies this burden, the burden shifts to the non-moving party to produce specifically designated facts showing the existence of a genuine issue. *Id.* Summary judgment is rarely appropriate in negligence cases. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind.1996) (citing *Rediehs Express Inc. v. Maple*, 491 N.E.2d 1006, 1008 (Ind.Ct.App.1986), *reh'g denied, trans. denied, cert. denied*, 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762 (1987)).

### I. The City of Hammond's Knowledge as to The Defect

#### A. Ind. Trial Rule 56 Designation

The City of Hammond argues as a threshold issue that Templeton has failed to comply with Ind. Trial Rule 56. Particularly, the City contends that Templeton failed to properly designate material in opposition to the City's motion for summary judgment.

---

1. The City of Hammond Sanitary District filed a separate answer and separate motion for summary judgment. Summary judgment in favor of the Sanitary District was conceded.

In the present case, the trial court was presented with an uncomplicated case, both factually and in terms of the specific designations. At the May 1, 1996, hearing on the City of Hammond's motion for summary judgment, Templeton informed the court that, in opposition to the City's motion for summary judgment, she wished to designate and rely upon the same materials designated by the City of Hammond. (R. 141). Hence, the photographs were properly designated by the moving party and were available for use at the hearing.

■ Trial Rule 56 also requires that the non-movant specifically designate each issue of material fact the non-movant alleges precludes the entry of summary judgment. T.R. 56(C). A non-movant may not simply rest upon the allegations in his pleadings. *Grose v. Bow Lanes, Inc.*, 661 N.E.2d 1220, 1224 (Ind.Ct.App.1996). Templeton did not respond to the City's motion for summary judgment. However, the amendments to Trial Rule 56 creating the requirement that material issues of fact and supporting evidence in opposition to summary judgment be designated did not alter the structural burden of summary judgment. *Leons v. Bloemker*, 649 N.E.2d 1041, 1044 (Ind.Ct.App.1995). The party moving for summary judgment still bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* If the movant fails to make this prima facie showing, then entry of summary judgment in favor of the movant is precluded, *regardless of whether the non-movant did or did not designate facts and evidence in response to the motion for summary judgment. Id.* (emphasis provided). Hence, because Templeton did not come forward with specific evidence in opposition to the City's materials, we accept the City's designated materials as true. However, the facts designated by the City do not support the entry of summary judgment in the City's favor.

### B. Constructive Knowledge

Templeton contends that the trial court erred when it found as a matter of law that the City of Hammond did not have construc-

tive knowledge of a dangerous defect in the crosswalk. Specifically, Templeton argues that the trial court erroneously relied upon the affidavit of Thomas Cairns, which was submitted by the City in support of summary judgment. Cairns is an adjuster retained by the City of Hammond to investigate the facts surrounding Templeton's claim. As part of his investigation, Cairns met with Templeton and her attorney and took six photographs of the intersection where the fall occurred. He further searched the City's records to ascertain whether any other complaints had been lodged regarding the condition of the intersection. He stated in his affidavit that "[he] searched the records of the City of Hammond and with the exception of the Notice of Tort Claim filed by [Templeton], [he] found no evidence or complaints of any kind that a dangerous or defective condition existed at the intersection of Morton Court and Sibley Street where Plaintiff states she fell." (R. 88). Cairns further stated as follows:

> That your affiant has been investigating and adjusting claims for and against various municipalities for twenty seven years; that your affiant has been a pedestrian for forty-five years; that in his opinion the cracks which appear in the pavement at the intersection of Morton Court and Sibley Street are no different from the cracks which appear in the streets and sidewalks in every municipality in Lake County and do not constitute a dangerous or defective condition where the Plaintiff states she fell. . . .

(R. 88). The trial court relied upon this affidavit in granting summary judgment for the City of Hammond. Particularly, the court held that the unopposed affidavit established that the City "had no prior actual or constructive knowledge that a hazardous defect existed" in the street where Templeton tripped and fell. (R. 225).

We first note that the affidavit was not unopposed by Templeton. At the summary judgment hearing, the following colloquy occurred between counsel for Templeton and the court:

> COUNSEL: The Court is presumed to know the law, your Honor. As far as constructive knowledge, I think the photo-

**1372**

graph speaks for itself. That's not fresh—fresh pavement in any way. It's been there for a long time. I think the passage of time would reasonably infer that somebody in the City of Hammond had knowledge of that particular intersection and that problem.

THE COURT: I'm not prepared to speculate to that. The affidavit says, of Mr. [Cairns], in searching the records of the City of Hammond, he finds no evidence of any complaints of any kind that a dangerous and defective condition existed at this location.

COUNSEL: Well, that's actual knowledge; that's not constructive knowledge, Judge.

THE COURT: And the Plaintiff comes forward with no evidence that the City had any prior knowledge of any dangerous condition, or that this condition existed and created any danger. They are not the insurer of the complete safety of the roads and conditions, but they have a duty once put on notice, to correct any dangerous conditions.

COUNSEL: That's actual knowledge, your Honor.

THE COURT: And you've got no evidence that they had any prior notice or knowledge of it. It's your burden to come forward with evidence establishing a genuine issue of fact. Having found none, the Court would grant summary judgment for the other Defendants.

(R. 148–49).

■ The State and its counties have a duty to maintain and repair the roads within their control. *Utley v. Healy,* 663 N.E.2d 229, 232 (Ind.Ct.App.1996), *trans. denied.* However, this duty does not attach unless the city has actual or constructive notice of a dangerous condition. *Id.* In this case, it is conceded that the City did not have actual notice of the defective condition. In *Galbreath v. City of Logansport,* 151 Ind.App. 291, 279 N.E.2d 578 (1972), we faced a similar issue wherein photographic evidence was deemed to create a jury question on the issue of constructive notice. In *Galbreath,* a sixty-six year old woman parked her car on a city street in Logansport, Indiana. She got out

of her car, put change in the parking meter, and as she was walking away, she caught her toe in a hole and fell. Photographs were taken by two members of the Logansport Police Department, and these photographs were put into evidence. *Id.* at 581.

We reviewed the law of constructive notice and said that

[t]he rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence.

*Id.* at 580. We went on to cite a prior case in which we explained:

. . . It is required to use active vigilance with reference to the condition of its streets, and if an obstruction has existed for such a length of time that, considering the circumstances of the case, the municipality or its officers might have obtained knowledge of it by the exercise of a reasonable degree of diligence and attention to the condition of the streets, knowledge of the obstruction will be implied.

*Id.* at 581 (quoting *Town of Lewisville v. Batson,* 29 Ind.App. 21, 63 N.E. 861 (1902)). We also noted that in *City of Shelbyville v. Morton,* 138 Ind.App. 460, 208 N.E.2d 705, 721 (1965), this court approved the following instruction:

The Court instructs the jury that you may find notice to the defendant city of the condition of its street at the place in controversy, if you think it may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct testimony as to such notice.

*Galbreath,* 279 N.E.2d at 581. In determining whether the City had notice of a defective condition, we relied heavily on the photographs which were admitted into evidence. Specifically, we held that the photographs were admittedly accurate representations of the defects in the sidewalk in question, and the trier of fact should have been given the opportunity to determine whether or not the defect in question was sufficient to put the City on notice, actual or constructive. *Id.; See also Tucher v. Brothers Auto Salvage Yard, Inc.,* 564 N.E.2d 560 (Ind.Ct.App.1991), *trans. denied* (the question of whether a

governmental entity had constructive notice of an alleged defect is a question for the jury).

■ In the case before us, the photographs were designated initially by the City of Hammond, and therefore there is no conceivable issue with regard to their accuracy. The photographs clearly depict the raised surface upon which Templeton caught her toe and fell. It does not appear from the photographs that the unlevel area was recently resurfaced; rather, it appears as though the unlevel surface has existed in that state for quite some time. Accordingly, we find that although the trial court was correct in determining that the City had no actual notice of the defect, the photographs designated by both parties create a genuine issue of material fact regarding the City's constructive notice.

### II. Contributory Negligence [2]

■ Next, Templeton argues that the trial court erred in granting summary judgment for the City of Hammond on the ground that Templeton was contributorily negligent as a matter of law. Contributory negligence has been defined as "[t]he failure of a person to exercise for his own safety that degree of care and caution which an ordinarily reasonable and prudent person in a similar situation would exercise." *Kroger Co. v. Haun,* 177 Ind.App. 403, 408, 379 N.E.2d 1004, 1007 (1978). As a defense to a negligence claim, contributory negligence is generally a question of fact for the jury unless the facts are undisputed and only a single inference can be drawn therefrom. *Schneider v. Wilson,* 521 N.E.2d 1341, 1344 (Ind.Ct.App.1988). Contributory negligence can be a question of law only when the court can say that no reasonable person would have acted as the plaintiff did under the circumstances. *Northern Indiana Public Service Co. v. East Chicago Sanitary Dist.,* 590 N.E.2d 1067, 1075 (Ind. Ct.App.1992). In other words, Templeton's negligence would have to be "so clear and palpable that no verdict could make it otherwise." *Meadowlark Farms, Inc. v. Warken,*

176 Ind.App. 437, 376 N.E.2d 122, 130 (Ind. Ct.App.1978). Only under these limited circumstances should contributory negligence be found as a matter of law.

■ The City seems to argue that because Templeton took the same route several times a week, she should have been aware of the defect and exercised due care to avoid it. Templeton testified in her deposition that she did not see the unlevel surface until she was getting back on her feet after her fall. She further testified that as she was crossing the street, she was watching the traffic rather than looking down at where she was walking. After reading Templeton's affidavit and making a diagram of the intersection, we fully appreciate Templeton's concern with east-bound traffic on Sibley Street. She was looking over her shoulder to make sure that no east-bound vehicles were turning right, because such vehicles would dangerously cross her path. In *Galbreath,* we considered a similar issue wherein the City of Logansport argued that the plaintiff would have seen the defect if she had been looking at it. With regard to the issue, we stated that

... whether said appellee, in the exercise of ordinary care for his own safety, should have been looking at the sidewalk immediately prior to and at the time of the accident was a question for the jury to determine from all the facts and circumstances disclosed by the evidence. A pedestrian is not bound to keep his eyes constantly on the sidewalk.... Nor is he required to make an active search for defects, ... or look for danger at every step.... He is not negligent, as a matter of law, in failing to see a defect in plain view.

*Galbreath,* 279 N.E.2d at 582 (quoting *Town of Argos v. Harley,* 114 Ind.App. 290, 306, 49 N.E.2d 552, 558 (1943)).

Considering the undisputed facts in the light most favorable to Templeton, we find that the question of whether Templeton acted in a prudent and reasonable manner under the circumstances is a question best left

2. We note that because this action was brought against governmental entities, the Comparative Fault Act does not apply. *See* Ind.Code 34-4-33-8. Therefore, the common law principle of contributory negligence acts as a complete bar to recovery in actions brought under the Tort Claims Act. *See Town of Highland v. Zerkel,* 659 N.E.2d 1113 (Ind.Ct.App.1995), *trans. denied.*

**1374**

to the finder of fact. We do not agree that the only reasonable inference from the evidence is that her negligence is so clear and palpable that no reasonable jury could have found otherwise.

## CONCLUSION

Based on the foregoing, we conclude that summary judgment should not have been entered in favor of the City of Hammond. Issues of material fact remain regarding the City's constructive knowledge of the alleged defect and Templeton's contributory negligence. These issues are better left for a jury's determination.

We affirm the trial court's grant of summary judgment as to the City of Hammond Sanitary District, and reverse the grant of summary judgment with respect to all remaining defendants.

Affirmed in part, reversed in part, and remanded for trial.

KIRSCH, J., concurs.

CHEZEM, J., concurs in result.