Kenneth A. MYERS, Judy D. Myers, Fred J. Hopkins, and Farmers State Bank, Appellants–Defendants,

v.

IRVING MATERIALS, INC., Appellee–Plaintiff.

No. 18A02–0204–CV–269.

Court of Appeals of Indiana.

Jan. 15, 2003.

Casey D. Cloyd, P.C., Brooke & Cloyd, P.C., Muncie, IN, Attorney for Appellants.

M. Michael Stephenson, McNeely, Stephenson, Thopy & Harrold, Shelbyville, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellants–Defendants, Kenneth A. Myers and Judith D. Myers (the "Myers"), appeal the trial court's grant of summary judgment in favor of Appellee–Plaintiff, Irving Materials, Inc. d/b/a Park Sand and Gravel, Inc. (IMI).

We affirm.

## ISSUE

The Myers raise one issue on appeal, which we restate as follows: whether the trial court properly granted IMI's Motion for Summary Judgment.

## FACTS AND PROCEDURAL HISTORY

Between October 15, 1997, and October 31, 1997, IMI delivered gravel and asphalt materials to the Maplewood Golf Course in Muncie, Indiana. The Myers own the Maplewood Golf Course. Fred J. Hopkins (Hopkins), the Myers' contractor, ordered the gravel and asphalt materials on behalf of the Myers. The gravel and asphalt materials were delivered mainly for the purpose of paving golf cart paths at the Maplewood Golf Course. However, the gravel and asphalt materials were apparently also used for the personal property of the Myers. Specifically, the materials were used at their residence, which is located adjacent to the golf course.

On December 29, 1997, IMI filed its Sworn Statement and Notice of Intention to Hold a Mechanic's Lien on the real property owned by the Myers. IMI filed this lien because the Myers failed to pay the $30, 463.70 that they owed IMI for the gravel and asphalt materials.

On October 7, 1998, IMI filed a Complaint against the Myers.[1] Thereafter, on December 14, 1998, the Myers filed their answer to IMI's complaint. The answer included three affirmative defenses: (1) the payments made by Hopkins were misapplied by IMI and not credited to the Myers' account; (2) the work on the Myers' golf course was completed more than sixty days prior to the filing of the mechanic's lien notice; and (3) certain materials supplied by IMI for the Myers' residence were the subject of a pre-lien

notice required by statute. The Myers' real property included their business, the golf course, and their adjacent residence.

On September 13, 1999, IMI filed a Motion for Summary Judgment against the Myers. IMI designated the Complaint, the Defendants' Answer to Complaint, and the Affidavit of Leon Agullana. Additionally, IMI submitted a Brief in Support of the Motion for Summary Judgment. The Myers did not file a reply brief in opposition to the Motion for Summary Judgment, nor did they designate any affidavits or other evidence for the trial court to consider.

On October 26, 2001, a hearing was held on the Motion for Summary Judgment. At the hearing, the Myers argued that there were genuine issues of material fact and that summary judgment was improper. However, IMI argued that the Myers were precluded from relying solely on their pleadings to establish a genuine issue of material fact because they did not specifically designate evidentiary materials in response to the motion for summary judgment or file a response brief.

On November 15, 2001, the trial court granted summary judgment in favor of IMI and against the Myers and foreclosed IMI's mechanic's lien against the Myers. On December 14, 2001, the Myers filed a Motion to Correct Errors. Subsequently, on January 17, 2002, the trial court denied the Myers' Motion to Correct Errors.

The Myers now appeal.

## DISCUSSION AND DECISION

This case comes to us on a grant of summary judgment from the trial court. Summary judgment is appropriate if there

---

1. We note that IMI's complaint was originally filed against the Myers, Hopkins and Farmers State Bank. On February 19, 1999, IMI ob-

tained a default judgment against Hopkins in the sum of $33,743.57. Thereafter, Hopkins filed for bankruptcy.

is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a decision upon a summary judgment motion, we apply the same standard as the trial court. *Miller v. NBD Bank, N.A.,* 701 N.E.2d 282, 285 (Ind.Ct. App.1998). We do not reweigh the evidence designated by the parties. *Turley v. Hyten,* 751 N.E.2d 249, 251 (Ind.Ct.App. 2001). Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Schoknecht v. Hasemeier,* 735 N.E.2d 299, 301 (Ind.Ct.App. 2000).

The moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* Once this burden has been met, the non-moving party must respond by setting forth specific facts demonstrating a genuine need for trial, and cannot rest upon the allegations or denials in the pleadings. *Id.* We review only the designated evidentiary material in the record, construing that evidence liberally in favor of the non-moving party, so as not to deny that party its day in court. *Id.*

■ The Myers argue that the trial court erred in granting summary judgment in favor of IMI. Specifically, the Myers contend that when IMI designated the Myers' Answer to Complaint to the trial court in support of its Motion for Summary Judgment, conflicting facts were put into evidence. IMI, on the other hand, asserts that Myers cannot rely upon their pleadings to demonstrate their affirmative defenses without designating specific facts to the court.

T.R. 56(E) provides, in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

■ As a general rule, designating pleadings, discovery materials, and affidavits in their entirety will fail to meet the specificity required by T.R. 56(C). *Abbott v. Bates,* 670 N.E.2d 916, 922 (Ind.Ct.App. 1996). Rather, the brief or memorandum in support of or in opposition to the summary judgment motion would be helpful to further enlighten the court as to the law supporting their position. *Id.*

■ Under Indiana law, it is clear that a party may not wait until the summary judgment hearing to oppose a motion. *Morton v. Moss,* 694 N.E.2d 1148 (Ind.Ct. App.1998). In the present case, the Myers admitted at the summary judgment hearing that they did not designate any materials in response to IMI's Motion for Summary Judgment. Instead, the Myers contend that a genuine issue of material fact was submitted to the trial court when IMI designated the Myers' Answer To Complaint in support of its Motion For Summary Judgment; thereby relying on the pleadings. Regardless, as discussed above, a nonmovant may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute. *Inland Steel v. Pequignot,* 608 N.E.2d 1378, 1381 (Ind.Ct.App.1993).

Because the Myers did not come forward with specific evidence in opposition to IMI's materials, we accept IMI's designated materials as true. *Templeton v. City of Hammond,* 679 N.E.2d 1368, 1371 (Ind.Ct. App.1997). IMI properly supported its

motion for summary judgment with an affidavit and evidentiary materials that informed the trial court that no material issues of fact were involved in the dispute. The aforementioned facts designated by IMI support the entry of summary judgment in IMI's favor.

■ Nevertheless, the Myers, relying on this court's decision in *Templeton v. Hammond*, argue that their failure to respond to IMI's motion for summary judgment did not entitle IMI to the award of summary judgment. *See Templeton*, 679 N.E.2d at 1368. In particular, the Myers contend that conflicting facts regarding IMI's application of funds on the Myers' account, the timeliness of its mechanic's lien notice, and its failure to file a pre-lien notice for work to the Myers' residence were contained in their answer and thereby, put into evidence. Thus, based upon *Templeton*, the Myers argue that these conflicting facts prevented IMI from satisfying their initial burden of proof showing that there were no genuine issues of material fact.

However, we find that this case is distinguishable. Although the non-movant in *Templeton* similarly did not file a response to the movant's motion for summary judgment, the movant's evidence did not adequately show that no issues of material fact were involved in the case. Specifically, there was a material dispute as to whether the City of Hammond had actual or constructive notice of a crack in the street that caused Templeton to trip and fall. Not only did the moving party's designated evidence, the photographs of the crosswalk, create a genuine issue of fact, but also, the non-movant specifically designated the photographs as conflicting evidence.

In the present case, the materials designated before the trial court by IMI definitively established a lack of any genuine issues of material fact. Through invoices and affidavits submitted to the trial court, IMI established that delivery of at least part of the materials to Maplewood Golf Course were accepted and were not paid for. The Myers did not dispute that at least part of the materials were incorporated into the Maplewood Golf Course. Additionally, the Myers submitted no evidence to the trial court that established IMI knew that the materials were used at the Myers' residence.

As we previously stated in *Abbott*, we are reluctant to sift through the facts and construct a case against IMI for the Myers in light of the T.R. 56(C) requirement. T.R. 56(C) requires that a party opposing a summary judgment motion designate each material issue of fact precluding summary judgment and the relevant evidence thereto. *See* T.R. 56(C). Moreover, T.R. 56(H) provides, "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." Accordingly, we find that the trial court properly granted summary judgment in favor of IMI because the Myers failed to specifically designate evidence creating a genuine issue of material fact. *See Abbott*, 670 N.E.2d at 923.

## CONCLUSION

Based on the foregoing, we find that the trial court properly granted IMI's Motion for Summary Judgment.

Affirmed.

MATTINGLY–MAY, J., concurs.

ROBB, J., dissents with separate opinion.

ROBB, Judge, dissents with opinion.

I respectfully dissent from the majority's conclusion that the trial court properly granted summary judgment to IMI.

I agree with the general proposition as stated by the majority that once a movant for summary judgment has met its initial burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law, the opponent may not simply rest upon the allegations made in its own pleadings, but must respond with affidavits or other evidence showing that there is a genuine issue of fact in dispute. *See* op. at 1228. However, I believe that this general proposition is applicable only when the *nonmovant* is the one to rest exclusively on its own pleadings. In a case such as this, wherein the *movant* designates the nonmovant's pleadings as part of its own motion for summary judgment, I would hold that the general rule is not applicable for two reasons.

First, IMI designated its Complaint, the Myers' Answer (which included affirmative defenses), the affidavit of an IMI officer, and a brief in support of its motion for summary judgment. The Myers then did not need to designate their Answer in response, because it was already properly before the trial court. Moreover, I do not believe they were required to designate any additional evidence to support the allegations in their Answer and Affirmative Defenses because IMI, by designating those pleadings itself, effectively vouched for the truth of the allegations therein. I thus see a crucial distinction in the result depending upon which party designates the particular pleading.

Second, in line with the observation in *Templeton* that if the movant fails to make a prima facie showing that there are no genuine issues of material fact, then entry of judgment for the movant is precluded even if the nonmovant does not make a designation in response, 679 N.E.2d at 1371, I believe that by designating the Myers' Answer, IMI failed to meet that burden. IMI did not limit its designation of the Myers' Answer to only certain portions of the Answer; rather, the Answer in its entirety was designated. Taking all of IMI's designated material, including the Myers' Answer, I believe there were several issues of fact that precluded summary judgment. The designated evidence shows either that the Myers have failed to pay IMI for the materials provided, Appellant's Appendix at 12 (Complaint), *or* that the Myers have paid in full. Appellant's Appendix at 18 (Myers' First Affirmative Defense). The designated evidence also shows either that IMI provided asphalt for the Maplewood Golf Course between October 15 and October 31, 1997, Appellant's Appendix at 27 (Affidavit), *or* that IMI provided asphalt for the golf course beginning sometime in October 1997 and ending October 23, 1997. Appellant's Appendix at 18 (Myers' Second Affirmative Defense). There also appears to be an issue of fact regarding whether IMI knew that it was providing asphalt for two different jobs at two different locations. Appellant's Appendix at 18–19 (Myers' Third Affirmative Defense) and 27 (Affidavit). Given that resolution of these factual disputes is critical, I would hold that the trial court improperly granted summary judgment to IMI.