Howard FUNSTON and Merry
Funston, Appellants,

v.

SCHOOL TOWN OF MUNSTER, Conti-
nental Leisure Sales, Inc., f/k/a Seavay
Corporation, and AAU/Munster Bas-
ketball Club, Appellees.

No. 45A03–0402–CV–63.

Court of Appeals of Indiana.

Dec. 16, 2004.

Publication Ordered Feb. 14, 2005.

Transfer Granted June 1, 2005.

Kenneth J. Allen, Michael T. Terwilliger, William James Lazarus, Kenneth J. Allen & Associates, P.C., Valparaiso, for Appellants.

Michael D. Sears, Maryann Kusiak McCauley, Singleton, Crist, Austgen & Sears, LLP, Munster, for Appellee School Town of Munster.

## OPINION

KIRSCH, Chief Judge.

Howard Funston ("Howard") and his wife Merry Funston (collectively "the Funstons") appeal the trial court's summary judgment ruling in favor of the School Town of Munster ("the School") upon the Funstons' negligence claim, which ensued after Howard fell off the back of a set of portable aluminum bleachers while attending his minor son's basketball tournament at the School. We find the following issue dispositive: whether the trial court erred when it determined that Howard was contributorily negligent as a matter of law.

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The facts most favorable to the Funstons are that on March 28, 1999, Howard, a middle school assistant principal in Munster, was at the Munster High School watching his twelve-year-old son participate in an AAU basketball tournament. The School placed six identical sets of five-row aluminum bleachers in the facility. The School custodian arranged them, pursuant to the AAU's instruction, next to the three basketball courts in use that day. The bleachers had no form of back support behind the last tier of seats and were not positioned against a wall. The highest seat was approximately five feet off the ground, which was some type of all-purpose field house flooring. The bleachers did not display any type of warning.

Howard's son played in three games that day. Howard sat on one set of the bleachers for his son's 8:00 a.m. game and moved to another set of bleachers to view his son play in a second game at 10:00 a.m. For all or some part of each of those games, Howard sat on a lower tier of seats and reclined upon the row or bench behind him. Howard relocated to a third set of the bleachers to watch his son in a third game. This time Howard sat in the uppermost row of seats. During the warm-up period, and after Howard had been seated for ten minutes or so, he crossed his legs, leaned back, and fell to the floor, suffering injuries. No one witnessed the fall, but spectators, including a physician at the event, discovered him shortly afterward and assisted him with obtaining medical treatment.

After their tort claims notice was denied, the Funstons filed suit against, among others, the School for negligence, asserting that the School breached its duty by using bleachers that lacked any form of back support.[1] Following discovery, the School filed a motion for summary judg-

---

1. The Funstons also sued Kay–Jay Construction, Inc. ("Kay–Jay"), a company that obtained and assembled the bleachers for the School. Kay–Jay filed a motion for summary judgment, which the trial court denied. However, Kay–Jay is not a party to this appeal. The two remaining parties, Continental Leisure Sales, Inc., f/k/a Seavey Corporation, and AAU/Munster Basketball Club never appeared and have been defaulted. The trial court stayed the action pending this appeal.

ment on the basis that Howard was contributorily negligent and that his conduct proximately caused his injuries; therefore, his claim and his wife's derivative claim were barred as a matter of law.[2] The trial court granted the School's motion on the basis that Howard was contributorily negligent. The Funstons now appeal.

## DISCUSSION AND DECISION

Our standard of review is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold*, 756 N.E.2d at 973. All facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* Summary judgment is inappropriate where the information before the court reveals a good faith dispute as to the inferences to be drawn from the evidence. *Crossno v. State*, 726 N.E.2d 375, 381 (Ind.Ct.App. 2000). Although a trial court's grant of summary judgment is "clothed with a presumption of validity on appeal," we carefully review the court's decision to ensure that a party is not denied its day in court. *Id.* at 378 (quoting *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind.Ct.App. 1995), *trans. denied* (1996)). Indeed, summary judgment should not be used as an abbreviated trial. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 512 (Ind.Ct.App. 2000).

■ We further observe that summary judgment is rarely appropriate in negligence claims. *Crossno*, 726 N.E.2d at 381; *Templeton v. City of Hammond*, 679 N.E.2d 1368, 1370 (Ind.Ct.App.1997). Rather, issues of negligence, contributory negligence, causation, and reasonable care are most appropriately left for a determination by the trier of fact. *Crossno*, 726 N.E.2d at 381. The mere improbability of recovery by a plaintiff does not justify summary judgment against him. *Id.* at 382.

■ Because the Funstons' case is governed not by the Indiana Comparative Fault Act, but rather by common law contributory negligence, even the slightest negligence on their part bars any recovery, provided their negligence proximately contributed to their injuries. *St. John Town Bd.*, 725 N.E.2d at 516. This is so, regardless of any negligence on the part of the defendant. *Id.* Contributory negligence is a person's failure to exercise for his own safety that degree of care and caution that an ordinarily reasonable and prudent person in a similar situation would exercise. *Templeton*, 679 N.E.2d at 1373. Because contributory negligence is an affirmative defense, the burden is on the defendant to prove it. *Id.*

■ Whether contributory negligence exists is generally a question of fact for the jury, unless the facts are undisputed and only a single inference can reasonably be drawn from those facts. *Id.* Contributory negligence is a question of law appropriate as a basis for summary judgment only when the court can say that no reasonable person would have acted as the plaintiff did under the circumstances. *Id.*

■ Here, the School maintains that there is no disputed issue of material fact that Howard was contributorily negligent,

---

2. It is undisputed that the School is a governmental entity that is not covered by the Comparative Fault Act, IC 34–51–2–2, and the Funstons' claim is governed by common law contributory negligence principles, under which even the slightest contributory negligence by a plaintiff bars recovery. *Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 977 (Ind.2001).

and, therefore, summary judgment in its favor was appropriate. In particular, the School asserts that Howard knew that he was seated at the top of the bleachers, that the bleachers did not include a back support, and that if he leaned back he could fall to the ground. In response, the Funstons contend that, first, it is not undisputed that Howard was aware that the bleachers lacked any form of back support, and, second, whether Howard's conduct fell within the boundaries of what a reasonably prudent person would do in the same or similar circumstances is a question of fact for the jury to decide. We agree with the Funstons.

Howard testified in his deposition that he sat on two other sets of bleachers that day as he watched his son's first two games and that he had leaned back to recline on the row of seats behind him. He estimated that he had been sitting on the third set for perhaps ten minutes before he fell, admitted that there were two or three rows in front of him, and acknowledged that there was nothing that prevented him from seeing that there was no back support to the bleachers. He also conceded that he knew, at that time, that if a set of bleachers did not have a back, a person could fall off if he or she leaned backward. However, Howard's testimony also included a statement that he leaned back on "what I thought would be a back." *Appellants' Appendix* at 139. He explained that he "thought there was something back there," although he was "not sure what I thought was back there at the time." *Id.* He later said, "I thought there was a back. I thought there was something I was going to attach myself to." *Id.* at 153. He explained further that "when I leaned back I thought there was something back there that I was going to be able to lean on." *Id.* at 154. As to wheth-er he was aware that he was seated at the top of the bleachers, Howard testified, "I don't think I thought about it." *Id.* at 155; *see also id.* at 139 (when asked if he knew that he was on the final row, Howard testified that he "never thought about it").

Considering this evidence in the light most favorable to the Funstons, we find that genuine issues of material fact remain as to whether Howard knew or should have known that there was not a back behind the last tier of seats, and we cannot say as a matter of law that Howard was contributorily negligent. Accordingly, we hold that that summary judgment should not have been entered in favor of the School.

Reversed and remanded.

ROBB, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent from the majority opinion because I believe that as a matter of law, Howard was at least slightly contributorily negligent. As a result, I believe that the trial court properly granted the School's motion for summary judgment.

As the majority points out, even the slightest negligence on Howard's part bars any recovery because his claim is governed by common law contributory negligence rules rather than the Indiana Comparative Fault Act. While contributory negligence is generally a question of fact for the jury, if the facts are undisputed and only a single inference can reasonably drawn from those facts, it is appropriate to decide the issue as a matter of law.[3]

---

**3.** *Templeton v. City of Hammond,* 679 N.E.2d 1368, 1373 (Ind.Ct.App.1997).

While the majority points to a number of supposedly disputed material facts, in my opinion there is at least one undisputed—and dispositive—fact: Howard sat in the highest row of bleacher seats, leaned back to recline upon a row of seats that did not exist, and fell off of the bleachers to the floor. Whether or not Howard knew that he was seated at the top of the bleachers, that the bleachers did not include a back support, and that if he leaned back he could fall to the ground, the undisputed fact remains that he leaned back without first ensuring that there was something to lean on. That he may not have known that the bleachers did not have a back support is of no moment, inasmuch as any reasonably prudent person would have checked before leaning backwards.

Whether or not the defendants share the blame for Howard's injury is irrelevant inasmuch as I believe that he is at least slightly contributorily negligent. I would therefore affirm the decision of the trial court granting the School's motion for summary judgment.

### ORDER

This Court having heretofore handed down its opinion in this case on December 16, 2004 marked Memorandum Decision, Not for Publication.

The Appellants, by counsel, having thereafter filed their Motion to Publish said opinion, alleging that this opinion should be published because there is very little case law in Indiana on the issue of under what circumstances may contributory negligence be decided as a matter of law and because the Memorandum Decision details the circumstances under which contributory negligence may be decided as a matter of law it may impact all future negligence cases filed against governmental entities and, as such, involves a legal issue of unique interest and substantial public importance.

The Court having examined the Appellants' Motion to Publish, having reviewed its opinion in this appeal and being duly advised, now finds that said Motion to Publish should be granted and this Court's opinion heretofore handed down in this cause as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED that the Appellants' Motion to Publish is GRANTED, and this Court's Memorandum Decision heretofore handed down in this cause on December 16, 2004, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.