**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**HARLEY J. WISE, II**
Demotte, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS R. KENDALL**
Weltman Weinberg & Reis Co., L.P.A.
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HARLEY J. WISE, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  37A03-1108-CC-347 |
| | ) | |
| DISCOVER BANK, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JASPER SUPERIOR COURT
The Honorable James R. Ahler, Judge
Cause No.  37D01-1005-CC-218

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Harley J. Wise II appeals the small claims court's grant of Discover Bank's motion for summary judgment.

We affirm.

## ISSUES

1. Whether the small claims court erred in granting summary judgment upon the designated evidence.

2. Whether the small claims court erred in not issuing special findings in support of its grant of summary judgment.

## FACTS

On May 18, 2010, Discover Bank filed a complaint alleging that Wise was liable to Discover Bank under a credit card account agreement. The complaint alleged that Wise owed the principal amount of $7,147.21. Wise denied the allegation and raised a counterclaim that Discover Bank committed fraud, mail fraud, and extortion in seeking to collect a debt that he did not owe.

On January 24, 2011, Discover Bank filed a motion for summary judgment, in which it claimed that there was no genuine issue of material fact and that Discover Bank was entitled to judgment as a matter of law on the issue of the debt owed. In support of its motion, Discover Bank designated the affidavit of Aimee Fabbri, a legal placement account manager for DFS Services LLC, the servicing affiliate for Discover Bank. Fabbri averred that Wise applied for a Discover Card account, and an account, governed by the "Cardmember Agreement," was opened on December 30, 2005. Fabbri also

2

averred that Wise used the account, thereby accruing a balance of $7,147.21. Fabbri further averred that Wise was in default because he failed to make the required minimum monthly payments on the account. Discover Bank also designated a check by Wise that showed a payment on the account. The motion for summary judgment also stated that the designated evidence showed there was no genuine issue of material fact pertaining to Wise's counterclaim and that Discover Bank was entitled to judgment as a matter of law.

Wise, who was acting pro se, responded to the motion for summary judgment with numerous unsupported arguments.[1] Wise designated his own affidavit where he denies that he had a Discover Bank account.

The small claims court held a hearing on the summary judgment motion. After hearing the arguments of the parties and examining the designated evidence, the small claims court granted Discover Bank's motion for summary judgment on both Discover Bank's claim and Wise's counterclaim.

DECISION

1.    <u>Propriety of Summary Judgment</u>

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Terre Haute v. Pairsh*, 883 N.E.2d 1203, 1206 (Ind. Ct. App. 2008), *trans. denied*. The moving party

---

[1] Wise cites *Haines v. Kerner*, 404 U.S. 519 (1972) for the proposition that he should be held to a lesser standard as a pro se litigant. We note that the standard alluded to was made in the context of determining whether a pro se complaint would survive a motion to dismiss. *Id.* at 520. The Court simply held that a pro see litigant's allegations need not be as formal as the pleadings drafted by lawyers. *Id.* The Court's declaration about the formality of pleadings has no application to this case. Indeed, it is well-settled in Indiana that pro se litigants "are held to the same standards as are licensed lawyers." *Goossens v. Goossens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005).

3

bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id*. A fact is material for the purposes of summary judgment if it facilitates the resolution of the issues involved. *Ozinga Transp. Systems, Inc. v. Michigan Ash Sales, Inc.*, 676 N.E.2d 379, 384 (Ind. Ct. App. 1997), *trans. denied.* Therefore, "despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim." *Blackwell v. Dykes Funeral Homes, Inc.*, 771 N.E.2d 692, 695 (Ind. Ct. App. 2002), *trans. denied.* We review only the designated evidentiary material in the record, construing that evidence liberally in favor of the nonmoving party so as not to deny that party its day in court. *Myers v. Irving Materials*, 780 N.E.2d 1226, 1228 (Ind. Ct. App. 2003).

Wise claims that Discover Bank is not entitled to summary judgment because it did not provide evidence of a signed contract. Wise is correct that Discover Bank did not designate as evidence a document signed by Wise; however, Discover Bank did designate other evidence to show Wise's agreement to be liable for charges incurred on the account. *See Meyer v. Nat'l City Bank*, 903 N.E.2d 974, 976 (Ind. Ct. App. 2002).

In *Meyer*, we affirmed the entry of summary judgment in a credit card suit, even though National City Bank did not produce a card agreement signed by Meyer. We "note[d] with approval the determinations of other states that credit card agreements are contracts, and the issuance and use of a credit card creates a legally binding agreement." *Id*. National City Bank designated the card agreement and twelve account statements in support of its summary judgment motion. *Id*. Our affirmance of summary judgment on

4

these facts recognized that liability on a credit card account is based on use of the account and the consequent acceptance of the card agreement, rather than the Defendant's signature.

Here, Discover Bank designated a copy of the "Cardmember Agreement," which provides, under the caption "Your Acceptance of this Agreement," that "[t]he use of your Account or a Card by you or an Authorized User, or your failure to cancel your Account within 30 days after receiving a Card, means you accept the Agreement . . . ." (App. 12). The Cardmember Agreement obligated the cardholder to repay the balance due, including interest and fees. (App. 13-14). Discover Bank also designated account statements reflecting accrual of the entire $7,147.21 balance. (App. 57-58). In addition, Discover Bank designated a personal check, drawn upon Wise's checking account, corresponding to the January 20, 2007 payment received on the subject account. (App. 79). The designated evidence clearly reveals that Wise used the subject account, thereby accepting the terms of the Cardmember Agreement. The evidence also reveals that Wise owed $7,147.21 on the account.

Although Wise makes a general argument about the evidence supporting "a judgment on the evidence," Wise's Br. at 12, he does not direct this court to any designated evidence that establishes a genuine issue of material fact that would defeat Discover Bank's summary judgment motion. In general, Wise's response to Discover Bank's motion was directed toward non-material issues, such as the ethics of the credit card industry as a whole. Wise did file an affidavit which contains a denial of liability;

however, he designated no evidence to support the denial.[2]  In opposing a motion for summary judgment, where, as here, the moving party has established a prima facie case, an adverse party may not rest upon "the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be rendered against him."  Ind. Trial Rule 56(E).

The trial court did not err in granting Discover Bank's summary judgment motion, as the designated evidence shows that there is no genuine issue of material fact and that Discover Bank is entitled to judgment as a matter of law on the issue of Wise's liability. Furthermore, the trial court did not err in granting summary judgment on Wise's counterclaim that Discover Bank committed fraud, mail fraud, and extortion because Wise designated no evidence to support these claims.

2.      Propriety of the Court's Findings

Wise contends that the small claims court erred in not issuing special findings in support of its grant of summary judgment.  Summary judgment motions are covered by Ind. Trial Rule 56.  Ind. Trial Rule 52(A) specifically states that special findings are unnecessary on decisions pertaining to Trial Rule 56 motions.  Therefore, the trial court did not err in declining to make special findings.

Furthermore, such findings are not required in small claims actions:

---

[2]Wise contends that the trial court based its grant of Discover Bank's summary judgment motion simply on the arguments of its attorney.  Our review of the transcript discloses that the trial court listened to Wise's and Discover Bank's arguments.  However, the small claims court clearly demonstrated that while it was informed by the arguments, its decision was based upon the designated evidence and the applicable law.

Small claims courts and the small claims divisions of general jurisdiction courts are intended to be places where justice may be dispensed inexpensively and promptly. Accordingly, small claims court is intended to be informal. Therefore, the portion of Ind. Trial Rule 52 which prescribes a method for obtaining a formalized ruling with special findings from the trial court has no application in small claims court. Thus, a challenge that a small claims court judgment fails to satisfy the special findings requirement of T.R. 52 is not available in an appeal from a judgment entered in small claims court. Parties who seek more formal litigation and wish to obtain a particularized statement for examination on appeal as provided by T.R. 52 must file their claims in (or transfer their cases to) the plenary docket.

*Flint v. Hopkins*, 720 N.E.2d 1230, 1231-32 (Ind. Ct. App. 1999) (citations omitted).

## CONCLUSION

The small claims court did not err in granting summary judgment on both Discover Bank's claim and Wise's counterclaim. Furthermore, the small claims court was not required to make special findings.

Affirmed.

BAKER, J., and BAILEY, J., concur.