Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 21 2014, 7:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS:

**THOMAS E. SCHULTE**
**RENEA E. HOOPER**
Scopelitis Garvin Light Hanson & Feary, P.C.
Indianapolis, Indiana

**ERIC D. SCHEIBLE**
Frasco Caponigro Wineman & Scheible, PLLC
Bloomfield Hills, Michigan

ATTORNEY FOR APPELLEE:

**THOMAS J. BELCHER**
Kelley, Belcher & Brown
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRADY D. ERICSON and TIFFANY J. ERICSON, | ) | |
| Appellants-Defendants, | ) | |
| vs. | ) | No. 53A04-1307-MF-376 |
| BLOOMFIELD STATE BANK, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable E. Michael Hoff, Judge
Cause No. 53C01-1301-MF-145

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Brady D. Ericson and Tiffany J. Ericson (the "Ericsons") appeal the trial court's denial of their motion for relief from judgment. The Ericsons sought relief from the entry of summary judgment in favor of Bloomfield State Bank (the "Bank") on the Bank's complaint to foreclose on real estate. The Ericsons argue that the trial court erred when it failed to consider their answer and affirmative defense when ruling on the Bank's summary judgment motion despite the fact that they did not respond or designate evidence in opposition to summary judgment. The sole restated issue presented for our review is whether the trial court abused its discretion in denying the Ericsons' motion for relief from judgment. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

The undisputed facts are that on March 25, 2005, Ashenda K. Hagos executed and delivered to the Bank a real estate mortgage (the "Bank Mortgage") in the original principal amount of $1,000,000. On March 28, 2005, the Bank Mortgage was recorded in the Office of the Recorder of Monroe County as instrument number 2005005109. Hagos also granted a real estate mortgage on the same property to the Ericsons (the "Ericson Mortgage") in exchange for a loan of $175,000 pursuant to a note. On March 28, 2005, the Ericson Mortgage was recorded as instrument number 200500110. The Bank Mortgage was recorded prior to the Ericson Mortgage.

On January 24, 2013, the Bank filed its complaint on note and foreclosure on real estate mortgage, naming Hagos, the Ericsons, and the Monroe County Treasurer as

2

defendants, claiming, among other things, that the first-recorded Bank Mortgage was superior to the Ericson Mortgage. The Ericsons filed their answer and affirmative defense on April 1, 2013. The Ericsons did not dispute that the Bank Mortgage was recorded prior to the Ericson Mortgage. Instead, the Ericsons claimed, as an affirmative defense, that the Ericson Mortgage is superior to the Bank Mortgage pursuant to the doctrine of equitable subrogation.

On April 8, 2013, the Bank filed a motion for summary judgment and designation of evidence. Specifically, the Bank argued that there was no genuine issue of material fact that the Bank Mortgage was recorded prior to the Ericson Mortgage, and therefore the Bank Mortgage had priority as a matter of law. The Ericsons did not respond to the motion. The trial court entered summary judgment in favor of the Bank on May 15, 2013, concluding in relevant part that the Bank Mortgage was superior to all liens, claims, or interests in the real estate with the exception of the tax lien of the Monroe County Treasurer. Thereafter, on May 21, 2013, the Ericsons filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B). The trial court entered an order denying the Ericsons' request for relief on June 28, 2013. This appeal ensued.

**Discussion and Decision**

The Ericsons appeal the trial court's denial of their motion for relief from judgment. A grant of equitable relief pursuant to Indiana Trial Rule 60 is within the discretion of the trial court. *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006). Therefore, we review a trial court's ruling on a motion for relief from judgment for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's judgment is clearly

3

against the logic and effect of the facts and inferences supporting the judgment for relief. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *trans. denied* (2013), *cert. denied* (2014). Upon appellate review, we will not reweigh the evidence. *Id*. The burden is on the movant to demonstrate that the relief is both necessary and just. *Id*. at 372. Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith v. Jones*, 761 N.E.2d 471, 474 (Ind. Ct. App. 2002).

The Ericsons' motion for relief from judgment sought to set aside the entry of summary judgment in favor of the Bank on the Bank's foreclosure complaint. Summary judgment is appropriate only where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Once the moving party has carried its burden, "the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). "A nonmovant may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute." *Myers v. Irving Materials, Inc.*, 780 N.E.2d 1226, 1228 (Ind. Ct. App. 2003); Ind. Trial Rule 56(E).

Here, in support of its motion for summary judgment, the Bank designated evidence which indicated that the Bank Mortgage was recorded prior to the Ericson Mortgage. Specifically, the Bank designated the complaint, a promissory note, the Bank Mortgage, and

4

two supporting affidavits. Based upon this designated evidence, the Bank argued that no genuine issue of material fact remained regarding the superiority of the Bank Mortgage and that it was entitled to judgment as a matter of law against the Ericsons. The Ericsons failed to respond or designate any evidence in opposition to summary judgment.

In requesting the trial court to set aside the summary judgment, the Ericsons maintained that, despite their admitted failure to respond or designate any evidence in opposition to the Bank's summary judgment motion, the trial court should have considered their answer to the complaint and concluded that a genuine issue of material fact remained based upon their alleged affirmative defense of equitable subrogation. We disagree.

In summary judgment proceedings, as at trial, the burden of establishing the existence of material affirmative defenses is on the defendant. *Paint Shuttle, Inc. v. Cont'l Cas. Co.*, 733 N.E.2d 513, 519 (Ind. Ct. App. 2000), *trans. denied* (2001); *accord Reiswerg v. Statom*, 926 N.E.2d 26, 31 (Ind. 2010). Indeed, when "the moving party files materials establishing the lack of any issue of material fact, the non-movant may not rely upon his pleadings to demonstrate his affirmative defenses, but must bring forth specific facts, by affidavit or otherwise, to show a genuine issue for trial." *Abbott v. Bates*, 670 N.E.2d 916, 923 (Ind. Ct. App. 1996). Summary judgment is proper if the defendant fails to designate any evidence from which the trial court could infer the elements of the asserted affirmative defense. *Id*.

In denying the Ericsons' motion for relief from judgment, the trial court stated,

> The Ericsons complain that [the Bank's] summary judgment designation did not disprove their affirmative defense that they held a superior mortgage interest through equitable subrogation. However, it was up to the Defendants to designate evidence in support of their affirmative defense. [The

5

Bank] was not required to disprove it. The evidence that [the Bank] designated was sufficient to prove its claim to a superior mortgage. [The Bank] was not required to designate evidence to disprove the Ericsons' affirmative defense, in the absence of any designation that would create an issue of fact or law concerning that affirmative defense.

Because [the Ericsons] did not file a response to [the Bank's] Motion for Summary Judgment within thirty days, the court cannot now consider any evidence not timely designated …. [The Ericsons'] motion merely seeks another opportunity to file a summary judgment response. Trial Rule 56 does not permit such an extension of time.

Appellant's App. at 10-11.

The Ericsons did not come forward with specific evidence in opposition to the Bank's designated materials, and therefore we accept the Bank's designated evidence as true. *Myers*, 780 N.E.2d at 1228. We agree with the trial court that the evidence designated by the Bank was sufficient to prove its claim of a superior mortgage and that the Ericsons' mere reliance on the allegations in their answer—which was never designated to the trial court by either party—was insufficient to create an issue of fact concerning their affirmative defense. Contrary to the Ericsons' assertion, neither the trial court nor this Court is permitted to consider their answer when it was not designated for consideration. *See Dinsmore v. Fleetwood Homes of Tennessee, Inc.*, 906 N.E.2d 186, 189 (Ind. Ct. App. 2009) (trial and appellate court may consider only properly designated evidentiary material); Ind. Trial Rule 56(H) (no judgment rendered on a summary judgment motion "shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence

6

relevant thereto shall have been specifically designated to the trial court.")[1]  Moreover, as stated, a party may not simply rely upon the pleadings to demonstrate an affirmative defense, but must bring forth specific facts, by affidavit or otherwise, to show a genuine issue for trial. *Abbott*, 670 N.E.2d at 923.

The Ericsons direct us to *Farm Credit Services. of Mid-America, FLCA v. Tucker*, 792 N.E.2d 565 (Ind. Ct. App. 2003), in support of their argument that the trial court "could have considered evidence not designated" by the Ericsons when deciding whether they were entitled to relief from the court's prior entry of summary judgment.  Appellant's Br. at 9.  In *Tucker*, the trial court permitted a bank, in a foreclosure action, to belatedly file designated evidence even though the bank failed to file the designation or request an extension of time within the time frame of Indiana Trial Rule 56.  The *Tucker* court noted that when a trial court acts in equity in a foreclosure action, it is not bound by "strict rules of law" and may instead exercise its "power to prevent strict legal rules from working injustice." *Tucker*, 792 N.E.2d at 569 (citation omitted).  Accordingly, the *Tucker* court affirmed the trial court's decision to consider a belated designation, concluding that the trial court had discretion under Indiana Trial Rule 56(I) to consider a nonmovant's designated evidence even though the

---

[1] The Ericsons make much of the trial court's erroneous statement in its summary judgment order that they had "not filed an Answer to [the Bank's] complaint" when they had in fact filed an answer.  Appellant's App. at 1.  The Ericsons argue that, due to the trial court's "mistaken" belief that they had not filed an answer, the court improperly failed to consider their answer when determining the propriety of summary judgment.  Appellant's Br. at 12.  We note that, in its subsequent order denying the Ericsons' motion for relief from judgment, the trial court specifically acknowledged that it had made a misstatement regarding their failure to file an answer.  Additionally, as noted above, because the answer was not designated by either party, it was properly not considered by the trial court for purposes of summary judgment.

nonmovant had failed to respond to the motion for summary judgment within thirty days. *Id.* at 570.

Notably, the *Tucker* court declined to follow the well-settled and bright-line rule enunciated in *Seufert v. RWB Medical Income Properties I Limited Partnership*, 649 N.E.2d 1070, 1073 (Ind. Ct. App. 1995), that a nonmoving party must respond or seek an extension within thirty days from the date the moving party filed for summary judgment and the trial court lacks discretion to permit a nonmoving party, who has not responded in some way within thirty days, to thereafter file designated evidence opposing summary judgment. Subsequent panels of this Court have noted that the *Seufert* bright-line rule had been consistently followed prior to *Tucker* and that *Tucker* appears to be an "anomaly." *See Desai v. Croy*, 805 N.E.2d 844, 849 (Ind. Ct. App. 2004), *trans. denied*; *see also DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 696-97 (Ind. Ct. App. 2012). Significantly, our supreme court specifically disapproved of the reasoning in *Tucker* in favor of the bright-line rule that when a nonmoving party fails to respond to a motion for summary judgment within thirty days either by filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court lacks the discretion to consider subsequent summary judgment filings of that party. *HomeEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98 (Ind. 2008) (citing *Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n.5 (Ind. 2005)). Accordingly, the Ericsons' reliance on *Tucker* is unavailing.[2]

---

[2] We likewise find no merit in the Ericsons' assertion that the trial court's failure to consider their answer and affirmative defense has, in essence, resulted unfairly in a default judgment against them. As already stated, any undesignated pleadings were properly not considered by the trial court.

The trial court properly declined to consider the Ericsons' answer and affirmative defense in determining the propriety of summary judgment. Therefore, the trial court did not abuse its discretion when it concluded that the Ericsons are not entitled to relief from judgment on that basis. As stated above, Trial Rule 60(B) "affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant." *Goldsmith*, 761 N.E.2d at 474. No such extraordinary circumstances are present here. The trial court's denial of the Ericsons' motion for relief from judgment is affirmed.

Affirmed.

BAKER, J., and RILEY, J., concur.