INDIANA FARMERS MUTUAL INSURANCE COMPANY
*v.* WALTERS ET AL.

[No. 27,879. Filed October 8, 1943. Rehearing denied November 2, 1943.]

*Harry P. Cooper, Jr.,* of Indianapolis, and *Charles H. Foley,* of Martinsville, for appellant.

*Royse & Travis,* of Indianapolis, and *Homer Elliott,* of Martinsville, for appellees.

RICHMAN, J.—In February, 1940, appellant issued a policy of fire insurance to appellee Jonh A. Walters.

The coverage included $2,500 on a dwelling and $300 on a smoke house. In May, 1940, both were destroyed by fire. After investigation appellant offered settlement in the sum of $2,500 which offer was accepted. The money was not paid. Suit was brought, the first paragraph of the complaint counting on the policy, the second on the compromise agreement. There was a trial, special findings of fact and one conclusion of law to the effect that the three appellees were entitled to recover in the sum of $2,800 for which judgment was entered. In this appeal therefrom it is contended that the court erred in its conclusion of law and in overruling the motion for a new trial. That the evidence was insufficient to sustain the decision is the only substantial question raised by the latter assignment.

No question is raised as to the sufficiency of the pleadings, the capacity of the appellees to sue, or the right to join the two alleged causes of action and there is no contention that the compromise agreement was abandoned by suing on the policy. We may disregard the propositions of appellant with respect to its liability on the policy if the facts in evidence and found by the court justify the conclusion that there was a valid compromise upon which appellant became liable to appellees.

The second paragraph of complaint charges that after the fire appellant's adjusters made complete investigation and being "fully informed as to any material fact with respect to such insurance and such loss, the defendant did offer to pay to plaintiffs the sum of $2,500.00 in full settlement of all demands of plaintiffs against defendant on account of said insurance, and that the plaintiff, John A. Walters, acting for himself and his said minor children, the plaintiffs Rose J. Walters and William F. Walters, did agree to accept

said sum in full settlement of plaintiff's said claim." Without further allegation this clearly would be considered an averment of an oral compromise. But the complaint further avers that a memorandum of the agreement was prepared by appellant and signed by both parties. Accordingly appellant insists that the action was on a written contract and that since the findings disclose that only John Walters signed the memorandum there was a failure of proof. We do not regard the averment concerning the memorandum as controlling the theory of the pleading. Appellees were attempting to plead all the facts. The writing, as shown by other averments, was in the possession of appellant. Appellee John Walters, depending on his recollection, was mistaken as to its contents. There was no requirement of law that such a contract be reduced to writing. 15 C. J. S., *Compromise and Settlement,* § 17.

Dean Wigmore in § 2429 of the third edition of his work on Evidence says:

"The mere circumstance that *some* (his italics) writing has been made by parties, for the better recollection of the terms of their transaction, does not of itself make that writing the sole memorial of the transaction, even to the extent covered by the writing. There may have been no integration at all, in spite of the written notes; i. e. no attempt to make the writing embody the transaction or any part of it (*ante* § 2425), but merely to furnish an aid to the writer's recollection or *a written admission for the other party's satisfaction.*" (Our italics.)

This probably was the purpose of the memorandum prepared by appellant. See further *Danielson* v. *Bank of Scandinavia* (1930), 201 Wis. 392, 230 N. W. 83, 70 A. L. R. 746, and note.

If appellant had been contending below that the pleading counted on a written contract. we would ex-

pect to find in the record objection to the oral testimony concerning the conversation between its agents and John Walters. But all the evidence on the question was admitted without objection. We may assume therefore that the pleading was treated by the parties and the court as counting on a parol contract and that the averment as to memorandum was considered surplusage. In any event the pleading may be deemed to have been amended to conform with the proof.

The findings disclose that John Walters originally acquired the fee of the land on which the buildings were situated but that later, reserving a life estate, he conveyed the remainder in fee to his minor children, the other appellees. Knowing of this state of the title, appellant's agents negotiated the compromise agreement with the father alone. The nineteenth finding states that appellant made an offer of $2,500 to him (he was then claiming $2,836.20) and that it was accepted by "John H. Walters, acting on behalf of himself and his minor children." In view of these findings we cannot follow appellant's argument that the findings are insufficient because they do not disclose "that appellant intended to obligate itself to or for the benefit of each appellee." While another finding stated that "at no time did he represent to" appellant that he was acting for his children, no representation was necessary since appellant recognized that he was so acting.

Four days after the compromise was agreed upon, appellant sent John Walters the following letter:

"Dear Mr. Walters:          Re: Payment of Loss

After taking the matter up with our counsel it is thought the safe way for us is to hold the money

until the house is built, or pay on the work and material as the work advances.

Another way would be for us to pay the money to someone whom we might designate and who would be agreeable to you.

In either case there would need be no delay in the construction work. The money would be ready for the prompt payment of bills when due.

Sincerely yours,

(Signed)  Frank E. Hay

FEH:ELC            Frank E. Hay, Vice President"

A fair inference therefrom is that the prior negotiations left the method of payment for future determination, as the court expressly found, but that the purpose of such deferment was to devise a method of payment which would protect the remaindermen by application of the agreed sum to the cost of reconstruction. This negatives the argument that appellant did not intend to obligate itself for the benefit of the children.

Appellant makes much of the fact that the time and method of payment were not determined, asserting that the compromise agreement therefore was incomplete and cannot be enforced. Where time is not specified usually a reasonable time is read into a contract. What is a reasonable time depends upon the circumstances. It would seem from the amount of the judgment that the trial court thought a month was reasonable. The agreement was reached May 20, 1940, and the judgment entered June 20, 1942. If the court computed interest at 6%, the legal rate, on the agreed sum, $2,500, for two years beginning June 20, 1940, the amount of interest allowed was $300, which added to the principal makes exactly $2,800, the amount of the judgment.

The matter in controversy was how much, if anything, appellant would pay for the fire loss, not how it

should be paid. The court found that the parties reached an agreement on this matter. No condition as to method of payment was attached to the offer. It was accepted as made. The agreement found called for payment of $2,500 in money. Upon the failure to pay by some method satisfactory to both, an action would lie for the agreed amount.

Finally appellant contends that the agreement was an accord but since there was no satisfaction it is not enforceable. The distinction between an accord and satisfaction and a compromise and settlement is shadowy. 1 C. J. S., *Accord and Satisfaction,* § 1 (4), p. 464. The general rule as to the effect of a compromise is stated in 15 C. J. S., *Compromise and Settlement,* § 24, as follows:

"A valid agreement of compromise and settlement is a merger and bar of all preexisting claims. The agreement need not have been performed in order to constitute a bar, although there is contrary authority . . ."

If without performance the agreement may be a bar, surely it can be enforced by an action, such as this, brought for that purpose. In the cases cited by appellant recovery was sought on the original cause of action and it was held that an accord, not followed by satisfaction, was not a bar. By refusing or failing to pay the agreed amount, be it called an accord or a compromise, the obligor is in no position to complain if the obligee abandons the compromise and resorts to his original cause of action. But if he chooses to sue on the compromise agreement we see no good reason why the action ought not lie.

Concerning appellant's assignment of error in the

overruling of his motion for a new trial it is sufficient to say that the evidence amply sustains the decision.

The judgment is affirmed.

NOTE.—Reported in 50 N. E. (2d) 868.