**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRYAN LEE CIYOU**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES O. WAANDERS**
Indianapolis, Indiana

**CRAIG T. BENSON**
Angola, Indiana

FILED
Oct 26 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ZANE ZIEBELL,                                    )
                                                 )
    Appellant-Defendant,                         )
                                                 )
       vs.                                     )    No. 57A03-1203-CC-89
                                                 )
SOUTH MILFORD GRAIN COMPANY,                     )
                                                 )
    Appellee-Plaintiff.                          )

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-1011-CC-390

**October 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

South Milford Grain Company ("Milford Grain") filed a complaint on contracts of purchase against a farmer, seeking approximately $15,000 in damages. Thereafter, the parties entered into a settlement agreement wherein the farmer agreed to pay, and Milford Grain agreed to accept, a lesser sum. However, the farmer failed to pay according to the terms of the settlement agreement. Thereafter, Milford Grain filed a motion for summary judgment, and designation of evidence in support, on its original complaint for $15,000. The farmer failed to respond or designate any facts in opposition to summary judgment. Following a hearing, the trial court entered summary judgment in favor of Milford Grain.

The farmer later filed a motion for relief from judgment claiming mistake, surprise, or excusable neglect, arguing that he was surprised by the summary judgment filing because he believed that the parties' settlement agreement disposed of the case. The farmer further claimed that Milford Grain was barred from seeking summary judgment on the original complaint. The trial court denied the farmer's motion for relief from judgment, and he now appeals. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

Zane Ziebell is a farmer in Noble County who is in the business of producing and selling agricultural products such as corn and soybeans. Milford Grain is a corporation with its principal offices in LaGrange County. Milford Grain owns and operates a grain elevator and is engaged in the business of purchasing, handling, and selling agricultural products, including corn and soybeans. In September 2009, Ziebell and Milford Grain contracted for

2

the sale of 5000 bushels of Ziebell's corn crop. In June 2010, Ziebell and Milford Grain contracted for the sale of 8000 bushels of Ziebell's yellow soybean crop.

Due to weather, equipment, and/or planning problems, Ziebell was unable to fulfill his contractual obligations regarding the growth, sale, and delivery of the corn and soybeans. Although the parties attempted to resolve their dispute regarding these contractual obligations over a period of several months, no acceptable resolution was reached. Consequently, on November 1, 2010, Milford Grain filed its complaint on contracts of purchase against Ziebell, alleging that Ziebell had defaulted under a 2009 corn contract and a 2010 soybean contract. Milford Grain sought damages of approximately $15,000. Ziebell filed his answer, affirmative defenses, and counterclaim on December 29, 2010.

On March 28, 2011, the parties negotiated a settlement agreement ("the Settlement Agreement") addressing "all matters pending at this time." Appellant's App. at 57. The Settlement Agreement provided that Ziebell would pay Milford Grain $1000 within thirty days of the execution of the Settlement Agreement and $4000 paid no later than September 15, 2011. In the event that payment was not made by Ziebell by the deadlines indicated, the Settlement Agreement provided that interest would be paid at the legal rate of eight percent per annum until the $5000 was paid in full. The Settlement Agreement further provided that the parties would enter into and execute an agreed judgment in the total amount of $4000, said judgment to be held and not filed with the trial court until a period of ninety days had elapsed from the time of the execution of the Settlement Agreement.

Ziebell failed to make the initial $1000 payment pursuant to the Settlement Agreement. On May 9, 2011, Ziebell's counsel filed a motion to withdraw his appearance, which was granted by the trial court. Thereafter, on June 6, 2011, Milford Grain filed a motion for pretrial conference in order to discuss payment and resolution of the matter. Although a copy of the motion and hearing date was forwarded directly to Ziebell by certified mail, the mailing was returned unclaimed by Ziebell. On July 13, 2011, the trial court held a pretrial conference at which Ziebell failed to appear. During the conference, Milford Grain indicated its intention to file a motion for summary judgment on its complaint. The trial court specifically noted that if Ziebell "fails to claim the certified mail notice of the hearing on [Milford Grain's] Motion for Summary Judgment or if [Ziebell] fails to appear at the hearing, the Court will proceed in [Ziebell's] absence." *Id*. at 2.

On August 8, 2011, Milford Grain filed its motion for summary judgment and designation of evidence in support, seeking the original amount of damages due pursuant to the complaint on contracts of purchase. Ziebell did not respond to the motion for summary judgment or designate any facts in opposition to summary judgment. The trial court held a summary judgment hearing on October 20, 2011. Ziebell appeared at the hearing pro se. Ziebell argued that, notwithstanding his admitted failure to make any payment to Milford Grain, he believed the parties' dispute was disposed of by the Settlement Agreement. However, a copy of the Settlement Agreement was never designated to the trial court. Following the hearing, but also on October 20, 2011, the trial court granted Milford Grain's

4

motion for summary judgment, and entered judgment in favor of Milford Grain in the amount set forth in the complaint, $14,574.14 plus interest.

On November 21, 2011, Ziebell, by newly retained counsel, filed a motion for relief from judgment and a motion to correct error. Milford Grain responded to both motions, and on January 27, 2012, the trial court held a hearing on the motions. On January 31, 2012, the trial court entered a detailed order denying both motions. This appeal ensued.

**Discussion and Decision**

We begin by noting that, in his brief on appeal, Ziebell wholly ignores the procedural posture of this case. Although he characterizes this as an appeal from the trial court's entry of summary judgment in favor of Milford Grain, in reality, Ziebell is appealing the trial court's denial of his motion for relief from judgment. We will address it as such.[1]

A motion for relief from judgment brought pursuant to Trial Rule 60(B) is not a substitute for a direct appeal. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 741 (Ind. 2010). Rather, it addresses only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.* The burden is on the movant to demonstrate that relief under Trial Rule 60(B) is both necessary and just. *Fairrow v. Fairrow*, 559 N.E.2d 597, 599 (Ind. 1990). We review the grant or denial of a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). We will not find an

---

[1] Along with his motion for relief from judgment, Ziebell also filed a motion to correct error, which the trial court denied. However, Ziebell makes no arguments applicable to the trial court's denial of his motion to correct error, and therefore we need not address it in our opinion.

abuse of discretion unless the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court. *Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1006 (Ind. Ct. App. 2011). Additionally, we will not reweigh the evidence on appeal. *TacCo Falcon Point, Inc. v. Atlantic Ltd. P'ship XII*, 937 N.E.2d 1212, 1218 (Ind. Ct. App. 2010).

Ziebell's motion for relief from judgment sought to set aside the entry of summary judgment in favor of Milford Grain on the grounds of mistake, surprise, or excusable neglect pursuant to Trial Rule 60(B)(1). To prevail on such a motion, Ziebell is not only required to show mistake, surprise, or excusable neglect, but must also show that he has a good and meritorious defense to the summary judgment. *See Burke v. DeLarosa*, 661 N.E.2d 43, 45 (Ind. Ct. App. 1996), *trans. denied*. He has shown neither.

Summary judgment is appropriate only where "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Once the moving party has carried its burden, "the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). "A nonmovant may not rest upon bare allegations made in the pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute." *Myers v. Irving Materials, Inc.*, 780 N.E.2d 1226, 1228 (Ind. Ct. App. 2003). Moreover, "it is clear that a party may not wait until the summary judgment hearing to oppose a motion." *Id.*

6

Here, Milford Grain filed its motion for summary judgment and designation of evidence, including an affidavit, indicating that no genuine issue of material fact remained and that it was entitled to judgment as a matter of law against Ziebell on its complaint on contracts of purchase in the amount of $14,574.14. Ziebell failed to respond or designate any evidence in opposition to summary judgment.

In support of his motion for relief from judgment, Ziebell argued mistake, surprise, or excusable neglect to the trial court, claiming that he was surprised that Milford Grain moved for summary judgment and was seeking the amount of damages pursuant to the original complaint in light of the parties' Settlement Agreement. Indeed, Ziebell argued that he believed that the case had been resolved and that the summary judgment was merely an attempt to effectuate the Settlement Agreement. Thus, Ziebell requested that the trial court excuse his failure to respond or designate any evidence in opposition to summary judgment.

However, as noted by the trial court, Ziebell received notice of the motion for summary judgment on August 12, 2011, well in advance of the October 20, 2011, hearing on that motion. The memorandum and affidavit submitted in support of summary judgment clearly indicated that Milford Grain was seeking to recover $14,574.14, the amount of the original claim. The motion for summary judgment in no way referenced the parties' Settlement Agreement or any attempt to effectuate the same. Although we recognize that Ziebell was pro se during those proceedings, it is well settled that pro se litigants are held to the same standard as are licensed attorneys. *In re Estate of Carnes*, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007). Under the circumstances, we agree with the trial court that Ziebell has

not established mistake, surprise, or excusable neglect regarding Milford Grain's motion for summary judgment or the relief requested therein, and his failure to respond or designate evidence, including the Settlement Agreement, in opposition thereto is not excused.

Moreover, we agree with the trial court that Ziebell has similarly failed to establish a meritorious defense to the trial court's entry of summary judgment. Ziebell's sole argument of meritorious defense is that Milford Grain's recovery is limited to the amount provided in the parties' Settlement Agreement. Specifically, Ziebell asserts that, despite his noncompliance with the Settlement Agreement, Milford Grain's only recourse was to pursue enforcement of the Settlement Agreement or to file the agreed judgment and to pursue proceedings supplemental. Ziebell argues that, pursuant to the contractual theories of accord and satisfaction and compromise and settlement, Milford Grain is barred from seeking damages based upon its original complaint. The trial court disagreed, as do we.

In *Chesak v. Northern Indiana Bank and Trust Co.*, 551 N.E.2d 873, 875 (Ind. Ct. App. 1990),[2] we noted that the difference between the contractual doctrines of "accord and satisfaction" and "compromise and settlement" is just as "shadowy" today as it was when our supreme court first labeled it so in *Indiana Farmers Mutual Insurance Co. v. Walters*, 221 Ind. 642, 649, 50 N.E.2d 868, 870 (1943). Accordingly, we found it "unnecessary to exhaustively explore the respective nuances of these contractual doctrines." *Chesak,* 551 N.E.2d at 875. Instead, we simply explained as follows:

> An "accord" is an agreement between a debtor and creditor where the creditor accepts a lesser sum in lieu of a greater liquidated or unliquidated amount

---

[2] Ziebell's attempts to distinguish *Chesak* from the case at bar are unavailing.

8

while a "compromise" is similar except that the term may refer to real estate disputes but is used only where the claim is in dispute. The "satisfaction" and "settlement" aspects of the respective doctrines refer to the performance of the agreement.

*Id*. (internal citations omitted). We went on to quote our supreme court for the well-settled proposition that:

an accord not followed by satisfaction was not a bar [to suit on the original claim]. By refusing or failing to pay the agreed amount, be it called an accord or compromise, the obligor is in no position to complain if the obligee abandons the compromise and resorts to his original cause of action.

*Id*. (*quoting Walters*, 221 Ind. at 649, 50 N.E.2d at 870-71). Although we did not expand further in *Chesak*, the *Walters* court explained that if the obligee/creditor chooses to sue on the compromise agreement rather than resorting to his original cause of action, "we see no good reason why the action ought not lie." *Walters*, 221 Ind. at 649, 50 N.E.2d at 871. Therefore, in a case where a debtor fails to pay pursuant to an accord and satisfaction or a compromise and settlement, the creditor has the choice to either resort to the original cause of action or to sue on the accord or compromise agreement.

As discussed by the trial court, it is undisputed that Ziebell failed to make any payment under the Settlement Agreement. Milford Grain then had a choice on how to proceed. We agree with the trial court that, as in *Chesak*, because Ziebell has not satisfied his accord or compromise with Milford Grain, he is in no position to complain regarding Milford Grain's resort to suit, including summary judgment, on its original complaint. Ziebell has not met his burden to establish a meritorious defense to the trial court's entry of summary judgment in favor of Milford Grain.

9

In sum, Ziebell has failed to demonstrate that relief under Trial Rule 60(B) is both necessary and just. The trial court did not abuse its discretion when it denied Ziebell's motion for relief from judgment. The judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and BAILEY, J., concur.